No. 32,802

C. H. COCHRAN, *Petitioner*, v. LACY SIMPSON, as Warden of the Kansas State Penitentiary, *Respondent*.

(53 P. 2d 502)

Opinion filed January 25, 1936.

C. H. Cochran, pro se.

Clarence V. Beck, attorney general, and J. S. Parker, assistant attorney general, for the respondent.

The opinion of the court was delivered by

HUTCHISON, J.: This is a petition for a writ of habeas corpus by one who is now confined in the state penitentiary under sentence as a habitual criminal under R. S. 1933 Supp. 21-107a, having been found guilty by a jury in the district court of Sumner county of the crime of forgery in the second degree, the punishment for which is "confinement and hard labor not more than ten years." (R. S. 21-631.)

The journal entry of judgment shows that five days after the verdict of guilty was rendered the court overruled motions of defendant for a new trial and in arrest of judgment and continued the matter of passing sentence on defendant as a habitual criminal for nine days, then found him, after the introduction of evidence, to have been previously convicted of two other felonies and to have served sentences therefor, one in the reformatory of Oklahoma and the other in the Kansas State Penitentiary, and sentenced him as a habitual criminal.

The warden of the state penitentiary is made respondent in the petition, and he has filed a formal return and also a motion to dismiss the petition, assigning many reasons and calling attention to numerous alleged omissions and defects therein. While there may be merit in some of the grounds of the motion to dismiss because of irregularities, omissions or defects, yet we feel like overlooking them because the petitioner is acting as his own attorney in the preparation of his petition and his brief. Such motion of respondent will therefore be overruled.

The petitioner urges many constitutional reasons why his imprisonment under this habitual-criminal act is illegal and why a writ of habeas corpus should be granted him. This act has several times, after full and careful consideration in this court, been held to be constitutional, one of which decisions was rendered very recently in the case of Levell v. Simpson, 142 Kan. 892, 52 P. 2d 372, which was a case where the facts were almost exactly like those in the case at bar. There the petitioner was serving a life sentence for

grand larceny, which sentence was imposed after it was shown that he had theretofore been convicted of two other felonies, for one of which he had served a term of imprisonment in the Kansas penitentiary and the other in the Missouri penitentiary, and it was there held that—

"The statute under which the petitioner was sentenced is not subject to any constitutional or other infirmity which would render void the sentence and judgment under which he is incarcerated in the penitentiary." (Syl., ¶ 5.)

It was also held in that case that habeas corpus was not a substitute for a timely motion for a new trial and appeal on account of procedural irregularities, and that a defendant is not entitled to a jury trial on the question of whether or not he had theretofore been convicted of prior felony or felonies, and that such matter was not a proper or necessary charge or charges to be included in the information, and that the petitioner was properly sentenced as a habitual criminal under the statute.

In the case of *State v. Woodman,* 127 Kan. 166, 272 Pac. 132, the following statement from the text, 16 C. J. 1339, was quoted with approval: "Statutes which authorize a more severe penalty to be inflicted upon one convicted of a second or subsequent offense are constitutional."

Petitioner especially stresses the point of the law not affording equal protection to all offenders in that it allows the exercise of discretion and discrimination between offenders and is therefore in violation of the fourteenth amendment of the United States constitution. That matter was fully considered in *In re Skinner,* 136 Kan. 879, 18 P. 2d 154, where it was held:

"The exercise of reasonable judicial discretion which results in a discrimination in the application of a law to those of the same class does not necessarily or generally render the law unconstitutional as depriving one of the equal protection of the law.

"The omission or failure of trial judges to make findings of prior conviction or convictions of other defendants under the provisions of the habitual-criminal act (R. S. 1931 Supp. 21-107a) does not in and of itself and without a showing of the discrimination being illegal by reason of its being willful, arbitrary, designed, deliberate, intentional or by concerted action, deprive one in whose case such finding was made of the equal protection of the law or render the law unconstitutional as being in violation of the fourteenth amendment of the United States constitution."

See, also, *State v. Merriweather,* 136 Kan. 337, 15 P. 2d 425, where the proof of former conviction, although not regularly authenticated, was held to be conclusive.

The petitioner also objects to the enforcement of this law because it is an ex post facto law, the first felony which is taken into consideration in this case having been committed, if committed at all, prior to the enactment of the law by the legislature of 1927, but it has been generally held that it is not an ex post facto law, that it is simply an additional or greater punishment imposed for the recent conviction because of a former conviction or convictions. It was said in 58 A. L. R. 21:

"A statute enhancing the punishment for a second or subsequent offense is not an ex post facto law merely because the prior offense occurred before the statute in question was enacted or became effective."

Also, in the same section heretofore cited from 16 C. J. 1339, it is said that such statutes "are not objectionable upon the ground that they are ex post facto laws, that they inflict a double punishment for the same offense, that they inflict cruel or unusual punishment, that they put accused twice in jeopardy for the same offense, that they deny defendant due process of law, that they deny defendant a fair and impartial trial, or that they impose a penalty on crimes committed outside the jurisdiction. Likewise such a statute is not violative of a constitutional provision requiring that all penalties shall be proportioned to the nature of the offense; nor is it objectionable on the ground that it prescribes different punishment for different persons committing the same offense." (See, also, *State v. Frizzell*, 137 Kan. 35, 19 P. 2d 694.)

Petitioner especially urges the fact that the first of the two prior felonies relied upon by the state was committed when he was a minor and mentally incapable of making a proper defense to the charge, that his mother insisted that he plead guilty and throw himself upon the mercy of the court, and that the conviction under such circumstances is void. The case of *State v. Strasburg*, 60 Wash. 106, 110 Pac. 1020, is cited and urged as decisive on this question. That decision is an able discussion of constitutional law, but the act in question was very different from the one here under consideration. It is described in the syllabus as being an act providing punishment for the criminally insane by restraint beyond the necessities of protection to society after the complete restoration to sanity.

In Weihofen on Insanity as a Defense in Criminal Law it is said on page 257:

"Where the defense of irresponsibility by reason of insanity was not raised at the trial the reviewing court will not consider the question on appeal or habeas corpus."

In 8 R. C. L. 274 it is said:

"Even though a sentence under a prior conviction is void, the conviction is still a first conviction within the meaning of the statutes, because a void sentence does not affect the conviction, but simply compels the appellate court to remand the case for a proper sentence. An erroneous conviction is voidable merely and not void, and until proper steps are taken to secure its reversal it will stand and be as effective as a conviction free from error. Hence the rule is that such a conviction is to be considered as a prior conviction in determining whether the defendant therein is an habitual criminal. . . ."

Mental unsoundness is a condition that is necessary to be proved, as sanity, like innocence, is presumed until the contrary is established. (*Ex Parte McKenzie,* 28 S. W. 2d [Tex. Cr. App.] 133.) It is a procedural matter and should have been brought to the attention of the court at the time of the trial.

"One who pleads guilty to a charge of embezzlement cannot by proceedings in habeas corpus secure his release by showing that the prosecution was barred by the statute of limitations at the time he was arrested." (*In re Johnson, Petitioner,* 117 Kan. 136, syl., 230 Pac. 67.)

"No offender under sixteen years of age may be imprisoned in the state industrial reformatory, but where a judgment in the district court recites that the age of the defendant sentenced to that institution was found and decided to be more than sixteen years the adjudication of that fact, although erroneous, is not open to attack in a habeas corpus proceeding." (*In re Wallace,* 75 Kan. 432, syl. ¶ 2, 89 Pac. 687.)

The fact of the first conviction being obtained in another state is fully cared for in the concluding language of the statute itself (R. S. 1933 Supp. 21-107a), where it refers to former convictions for felonies committed by the prisoner, "in or out of this state."

We adhere to our former rulings that R. S. 1933 Supp. 21-107a, the habitual-criminal statute, is not unconstitutional, and the fact that the petitioner may have been a minor or a person of unsound mind at the time of the first conviction, is a matter of procedural irregularity, which might possibly have tended to render the first conviction voidable but not void, nor open to attack in a habeas corpus proceeding.

The writ of habeas corpus is denied.