No. 36,279

JOHN LUPPY, *Petitioner*, v. ROBERT H. HUDSPETH, as Warden of the Kansas State Penitentiary, *Respondent*.

(155 P. 2d 428)

Opinion filed January 27, 1945.

*John Luppy,* was on the briefs *pro se.*

*A. B. Mitchell,* attorney general, and *Carl A. Ballweg,* assistant attorney general, were on the briefs for the respondent.

The opinion of the court was delivered by

WEDELL, J.: This is an original application for a writ of habeas corpus. The petitioner is serving two life sentences in the state penitentiary. He seeks his release on the ground both sentences are void.

No issue of fact is presented. The petitioner contends he was illegally sentenced to life imprisonment for the offense of robbery in the first degree and to life imprisonment for the offense of bank robbery charged respectively in counts one and two of the information. He urges he was not sentenced under the provisions of the habitual criminal law as shown by the journal entry of judgment. Respondent concedes the ordinary sentence for each of such offenses is not life imprisonment but contends petitioner was legally sentenced pursuant to provisions of our habitual criminal law.

The pertinent facts are contained in the application for the writ and the response of the warden. The petitioner filed his own application for the writ. The fact he filed his own application will be mentioned later. A copy of the journal entry of judgment and sentence was attached to the application for the writ. In addition to that record respondent's return also sets forth certified copies of the information and a letter of the prosecuting attorney to the warden which accompanied petitioner's commitment. The response also contains a fingerprint record of petitioner on file in the United States Bureau of Investigation. The 'undisputed record discloses:

The petitioner was charged with the commission of the two offenses above mentioned on August 25, 1931; on the trial petitioner was represented by counsel; a jury of Sumner county returned a verdict of guilty on both counts on May 17, 1932; the case was continued for sentence and on June 8, 1932, petitioner appeared in person and by his counsel and the state introduced evidence of former convictions on felony charges and sentences thereon.

Touching that evidence the journal entry reads:

". . . and the Court finds from the evidence that the defendant, JOHN LUPPY, has heretofore been convicted in the District Court of the United States in the Western Division of Oklahoma, the same being case No. 2275 in said court, on three counts of violation of the Federal Statutes with reference to intoxicating liquor, and was sentenced to serve a term of one year and one day at the Federal Penitentiary at Leavenworth, Kansas, upon each of said three counts, the said violation being a felony; and that the defendant, John Luppy, was also convicted in the District Court of Kay County, Oklahoma, the case being No. 2424 in said court, for obtaining money under false pretense and served a term in the Oklahoma State Penitentiary at McAlester, Oklahoma, which said offense constituted a felony, and that the said John Luppy has been convicted of two other felonies prior to the conviction in this case, and that he is an habitual criminal."

The journal entry further reads:

"Whereupon the Court advises the defendant that he has been found guilty

by a jury of the commission of the offense of robbery in the first degree and bank robbery, as charged in the information, and inquires of the defendant if he has any legal cause to show why judgment and sentence should not be pronounced. There appearing no sufficient cause why judgment and sentence should not be pronounced,

"IT IS THEREFORE CONSIDERED, ORDERED AND ADJUDGED BY THE COURT, That the defendant, JOHN LUPPY, be committed to the Kansas State Penitentiary at Lansing, Kansas, at hard labor during his lifetime for the commission of the offense of robbery in the first degree; and

"IT IS FURTHER ORDERED that the defendant, John Luppy, be committed to the State Penitentiary at Lansing, Kansas, for life for commission of the offense of bank robbery."

Robbery in the first degree is a felony and the punishment therefor is confinement in the state penitentiary. (G. S. 1935, 21-527; 21-530.) The same is true of bank robbery. (G. S. 1935, 21-531.)

At the time of sentence G. S. 1935, 21-107a, was in force. It read:

"Every person convicted a second time of felony, the punishment of which is confinement in the penitentiary, shall be confined in the penitentiary not less than double the time of the first conviction; and if convicted a third time of felony, he shall be confined in the penitentiary during his life. Judgment in such cases shall not be given for the increased penalty, unless the court shall find, from the record and other competent evidence, the fact of former convictions for felony committed by the prisoner, in or out of this state."

At the time of sentence G. S. 1935, 21-108, was likewise in force. It read:

"Every person who shall have been convicted in any of the United States, or in any district or territory thereof, or in a foreign country, of an offense which if committed in this state would be punishable by the laws of this state by confinement and hard labor, shall upon conviction for any subsequent offense within this state be subject to the punishment herein prescribed upon subsequent convictions, in the same manner and to the same extent as if such first conviction had taken place in a court of this state."

From the undisputed facts it clearly appears that prior to the last convictions on felony charges petitioner had been convicted of and sentenced for the commission of other felonies. Our habitual criminal law merely provides a more severe penalty for the commission of a felony by an habitual criminal than by one who is only a first-time or second-time offender. (*Levell v. Simpson*, 142 Kan. 892, 52 P. 2d 372.) Petitioner was properly sentenced for life on each of the felonies for which he was last convicted. (*State v. Woodman*, 127 Kan. 166, 272 Pac. 132; *In re Minner*, 133 Kan. 789, 3 P. 2d 473; *Levell v. Simpson*, supra.)

Evidence of former convictions and sentences thereon was properly heard separately and at the time of sentence. Petitioner was deprived of no privileges or immunities as a citizen of the United States by the increased sentence imposed in conformity with such procedure. (*Graham v. West Virginia*, 224 U. S. 616, 56 L. Ed. 917, 32 S. Ct. 583; *Levell v. Simpson*, supra.) The penalty or sentence to be imposed for the commission of the offenses was no concern of the jury, but was solely a legal matter for the determination of the trial court. (*State v. Woodman*, supra, *State v. Merriweather*, 136 Kan. 337, 15 P. 2d 425; *Levell v. Simpson*, supra.) No complaint is made concerning the evidence introduced or the sufficiency thereof. It follows petitioner is not serving time under sentences illegally imposed.

Petitioner states that other defendants who participated in offenses charged in the last case were released from custody after serving less than ten years of their sentences. That fact, if it be a fact, does not require the allowance of the writ sought by this petitioner.

One other matter, although under the circumstances not essential to the ruling on the merits of the case, will be noted. It pertains to the fact that we ruled upon the application for the writ which was prepared by the petitioner and that he was not represented by counsel on the hearing before this court. When petitioner originally sent his application for filing he requested the appointment of counsel to represent him. The court promptly appointed able and trustworthy counsel at the state's expense and petitioner was notified of the appointment. For petitioner's protection the court withheld the formal filing of the application for the writ until such time as the attorney, J. Willard Haynes of Wyandotte county, could have opportunity to interview his client and, if deemed advisable, file a new application which would fully and adequately set forth any grounds upon which petitioner relied for his release.

Our files disclose that within a few days after his appointment counsel made a special trip to Leavenworth county and consulted at length with petitioner. The report of his counsel to this court clearly discloses that the only grounds for the writ which petitioner mentioned to him were those which petitioner had stated in his own application. Counsel for petitioner believed those grounds did not justify the issuance of a writ and so advised his client. The petitioner was dissatisfied with that advice and with his counsel. Mr. Haynes advised this court by letter that under the facts presented

to him by the petitioner, which facts were the same as those contained in the application for the writ, he could not conscientiously ask this court to allow the writ. He therefore requested to be directed how to proceed. Petitioner's letter to his counsel insofar as material, reads:

"I just *recieved* the copy of your letter to the Kansas Supreme Court. I am very much dissatisfied with your attitude in this case it looks to me like you are working hand in hand with the Supreme Court and Respondent and disregarding my interests altogether. I want that petition filed as it is and soon. I know that I was not sentenced under the Habitual Criminal Act and the Journal Entry does not show that I am. I am going ahead with this on through the United States Supreme Court. The Kansas Supreme Court appointed you as my attorney and it is clear that they wouldn't have done so if they couldn't see any merits in this cause."

Mr. Haynes requested that he be relieved of his appointment. This court on September 4, 1944, advised petitioner:

"The court notes your objection to Mr. Haynes serving as your attorney and we cannot insist on his doing so under those circumstances; nor do we feel inclined to name another attorney in your behalf since you would be no more likely to have confidence in him than in the one we already appointed to represent you."

The original petition was filed as requested. In the letter dated September 4, 1944, this court further advised petitioner he could send whatever papers he cared to present and that they would be carefully examined and an appropriate order made concerning them. Petitioner replied he had no other papers to file and insisted that he obtain a ruling on his original petition.

On October 29 petitioner wrote this court advising he had received the docket showing his case was set for hearing on December 7 and that such date was satisfactory to him. He also stated he had not received a copy of respondent's answer and asserted he should have had it some time ago. He was advised an examination of the clerk's files showed such answer was filed September 29 and that he had received a copy thereof on October 2 and that the acknowledgment of such receipt was in his own handwriting.

On December 7 no one appeared on behalf of petitioner. Respondent waived oral argument. An examination of the application for the writ and petitioner's own brief discloses no grounds justifying his release from custody.

The writ is denied and the proceeding is dismissed.

BURCH, J., not participating.