No. 41,784

MAX E. DICKERSON, *Appellant*, v. TRACY A. HAND, Warden, Kansas
State Penitentiary, Lansing, Kansas, *Appellee.*

(350 P. 2d 793)

Opinion filed
April 9, 1960.

Appellant was on the briefs *pro se.*

*J. Richard Foth*, assistant attorney general, argued the cause, and *John Anderson, Jr.*, attorney general, was with him on the briefs for the appellee.

The opinion of the court was delivered by

ROBB, J.: This is an appeal from the trial court's judgment of August 20, 1959, whereby appellant's petition for the issuance of a writ of habeas corpus was denied and he was remanded to the custody of appellee.

The record shows that on January 11, 1954, appellant was informed by the district court of Atchison county of the nature of the charge and punishment for the first count of the information, burglary in the second degree (G. S. 1949, 21-520) punishable by confinement for not less than five nor more than ten years (G. S. 1949, 21-523); and also of the second count of the information, grand larceny (G. S. 1949, 21-533) punishable by confinement not exceeding five years (G. S. 1949, 21-534). Appellant failed to employ counsel and the trial court on January 19, 1954, appointed Robert D. Buehler, a duly-licensed and practicing attorney of this state, to represent him. Appellant stated he was satisfied with such appointment. Formal reading of the information was waived, and appellant entered a plea of not guilty to both counts. On appellant's motion of January 20, 1954, the case was passed over to the April term.

On April 12, 1954, the appellant was re-arraigned and on April 19, 1954, he was tried before a jury and by its verdict found guilty and convicted of the two counts contained in the information.

We pause here to cover appellant's contention that his counsel was not present when, during the deliberations of the jury on April 20, 1954, at 11:33 a. m., the jury returned to the courtroom with a request which was answered by the trial court, and the jury again retired at 11:35 a. m. This matter is one that would have had to have been brought up on appeal in the criminal prosecution. It cannot be considered in this habeas corpus proceeding. (*Converse v. Hand,* 185 Kan. 112, 115, 340 P. 2d 874.)

Appellant's motion for new trial was overruled. The state showed four former convictions of appellant. Two were in the federal courts of Missouri, one in Nevada, and one in California. Pursuant to G. S. 1949, 21-107a and 21-109, the trial court sentenced him to serve thirty years for each count, the sentences to run concurrently.

On June 23, 1954, appellant was again brought before the same trial court charged under G. S. 1949, 21-732 with breaking custody while going to serve the last-stated sentence. He was informed by the trial court of the nature of the charge, and that the punishment therefor was not to exceed five years except that the penalty was not less than fifteen years if the person had two previous felony convictions. (G. S. 1949, 21-107a.)

Although refused by appellant, the trial court appointed Edmund L. Page, a duly-licensed and practicing attorney to represent him and after a short continuance, at appellant's request, a plea of guilty was entered. Evidence was introduced as to appellant's six previous felony convictions: one in Nevada, two in Missouri, one in California, the Kansas conviction for burglary and larceny, and a Wisconsin conviction committed while appellant was at large after breaking custody. Pursuant to G. S. 1949, 21-107a, appellant was sentenced to serve a term of thirty-five years to run concurrently with the sentence imposed in the original Kansas second degree burglary and grand larceny case.

On July 6, 1955, upon appellant's petition, the governor commuted the sentence "by reducing the term thereof to all counts concurrent."

The first two questions presented for appellate review are alleged trial errors and similar to the third question already discussed herein, they are questions which properly could have been raised on a motion for new trial in the criminal proceeding and, if denied, an appeal taken therefrom, but this is a civil proceeding seeking a writ of habeas corpus and such matters cannot properly be urged herein. (*Converse v. Hand,* supra, p. 115.)

On May 20, 1959, in the court below appellant appeared in person, and appellee appeared through the record clerk of the state penitentiary. Testimony of the former sheriff of Atchison county and that of the district court clerk thereof was introduced but such testimony did not tend to corroborate appellant's contention. He was granted a general continuance to obtain other testimony and on August 20, 1959, the writ was finally denied and appellant was remanded to appellee's custody.

Appellant's next three contentions relate to the fact that the district court of Atchison county invoked and sentenced him in each instance under G. S. 1949, 21-107a (the habitual criminal act) but those contentions are untenable and do not afford grounds for his release in a habeas corpus proceeding. (*Darling v. Hoffman,* 180 Kan. 137, 299 P. 2d 594; and see, also, *Plasters v. Hoffman,* 180 Kan. 559, 305 P. 2d 858.) His last three contentions refer to the sentence on his breaking custody. He contends the sentence was illegal, as determined by him from a conversation had with the governor's pardon and parole attorney, because the sentence was to run concurrently with previous penalties, it constituted double jeopardy by repeated showings of previous convictions to invoke the application of G. S. 1949, 21-107a, and it was thus a bill of attainder.

There are many reasons why appellant should not be heard to complain about these last three contentions but we shall mention only a few of them. He sought and obtained executive clemency wherein both of his Kansas sentences were considered and he has accepted the benefits thereof. He was fully and competently represented by court-appointed counsel in both of his Kansas prosecutions notwithstanding his refusal thereof in the breaking of custody proceeding under G. S. 1949, 21-732. As to the constitutionality of G. S. 1949, 21-107a, the decisions of this court declaring it to be constitutional are legion as can be found in *Scott v. Hudspeth,* 171 Kan. 320, 232 P. 2d 464.

By his uncorroborated statements appellant has totally failed to sustain the burden devolving upon him in this habeas corpus proceeding which is to make it affirmatively appear that the trial court by its order denying the issuance of the writ committed error which prejudicially affected his substantial rights. (*Wilson v. Hand,* 181 Kan. 483, 311 P. 2d 1009, certiorari denied, 355 U. S. 916, 78 S. Ct. 346, 2 L. ed. 2d 276.)

Affirmed.