No. 43,453

FLOYD E. JOHNSON, *Petitioner*, v. SHERMAN H. CROUSE, Warden, Kansas State Penitentiary, *Respondent*.

(383 P. 2d 978)

Opinion filed July 10, 1963.

*Floyd E. Johnson*, petitioner, was on the briefs, *pro se*.

*Arthur E. Palmer*, Assistant Attorney General, of Topeka, argued the cause, and *William M. Ferguson*, Attorney General, of Topeka, was with him on the briefs for respondent.

The opinion of the court was delivered by

FATZER, J.: This is an original proceeding for a writ of habeas corpus. The petitioner is confined in the Kansas State Penitentiary

pursuant to the judgment and sentence of the district court of Marion County rendered May 2, 1960, upon conviction of the crimes of burglary in the nighttime (G. S. 1949, 21-520) and grand larceny (G. S. 1961 Supp., 21-533).

Prior to May 2, 1960, the petitioner, Floyd E. Johnson, stood charged in the district court of Marion County by information which contained two counts. The first count charged that on April 17, 1960, the petitioner broke into and entered in the nighttime the Tampa Cooperative Elevator and committed grand larceny by taking and carrying away $527. The second count charged that on the same date the petitioner broke into and entered in the nighttime the Ramona Cooperative Elevator and committed petty larceny by taking and carrying away $13.42.

As shown by the transcript of the proceedings attached to the petition, on May 2, 1960, the petitioner appeared in the district court for arraignment. The county attorney advised the court that the petitioner had advised him he did not have funds with which to employ counsel and the county attorney requested that the court appoint counsel to represent petitioner. The court made inquiry whether the petitioner was the defendant charged in the information and upon being advised that he was, further inquired whether he was being held on the felony charge and was without funds to employ an attorney of his own choice. The petitioner stated that he was, and the court announced it had a duty to appoint an attorney to represent him and inquired whether the petitioner desired counsel. The petitioner advised an attorney was not necessary and that he understood all the points involved; nevertheless, the court advised the petitioner that counsel should be appointed to represent him, and appointed Edwin G. Westerhaus, an experienced member of the Bar of this court, to represent and counsel with the petitioner.

On the same day and after counsel had conferred with the petitioner, both petitioner and his counsel appeared in court for arraignment. The county attorney moved to dismiss the second count of the information, and the court sustained the state's motion. Thereafter, counsel advised the court that petitioner waived arraignment and entered a plea of guilty to the first count and the following colloquy occurred between the court, counsel, and the petitioner:

"The Court: Very well. Upon your waiver of arraignment, Mr. Johnson,

the Court makes inquiry of you as to whether you are guilty or not guilty.

"The Defendant: I am guilty, sir.

"The Court: You enter this plea voluntarily after having counseled with your attorney, do you?

"The Defendant: Yes, sir.

"The Court: Very well, upon your plea of guilty, the Court finds and adjudges you guilty.

"Mr. Morse: If your Honor please, before going further, the State would like to give notice that they are asking for the habitual act to be applied here. I would like to offer into evidence, and give the accused and his counsel opportunity to study these whatever time is necessary. I should like to offer into evidence two certified copies of journal entries of prior convictions.

"The Court: Within the State of Kansas?

"Mr. Morse: They were within the State of Kansas. I would like to read those to identify them, if your Honor please.

"The Court: (Nods head affirmatively.)

"Mr. Morse: One is a journal entry of conviction of plea of guilty, State of Kansas v. Floyd Johnson in the District Court of Riley County, Kansas, Case No. 1199. The order was entered on December 16, 1938, and that was for grand larceny and he was sentenced to the Penitentiary. The next is a journal entry entered on the 14th day of September, 1948 in the District Court of Saline County, State of Kansas against Floyd Emmett Johnson, and that was for second degree burglary. He was sentenced to the State Penitentiary. The defendant has admitted that Floyd Johnson and Floyd Emmett Johnson were one and the same persons, but is that correct?

"The Defendant: That is correct.

"The Court: Very well, you may examine them, Mr. Westerhaus.

"Mr. Westerhaus: Is it correct that you were convicted of these offenses in both of these cases?

"The Defendant: Yes.

"Mr. Westerhaus: If Your Honor please, I have inquired from the defendant, Floyd Johnson, who says he is also the same person as Floyd Emmett Johnson, defendant in both of the cases which Mr. Morse has read here this morning, and he says that he is the defendant and he entered those pleas, or was convicted of those offenses and that they are true and correct.

"The Court: Very well, the journal entries together with the other evidence submitted is admitted in evidence and is received.

"Mr. Morse: That is 107a, if Your Honor please, 21-107a.

"The Court: The Court finds and adjudges you guilty and also finds from the evidence submitted and received by the Court that you have been previously convicted. In fact, you have been convicted on two separate occasions.

"Mr. Westerhaus: Of a felony.

"The Court: Of a felony in each instance, and this is a felony, too. It is the third felony conviction so the Court makes inquiry of you and your attorney as to whether or not you or either of you have any legal

reason that you wish to give as to why the sentence of the court should not be pronounced upon you.

"The Defendant: (Shakes head negatively.)

"Mr. Westerhaus: No, sir.

"The Court: Very well, it is the sentence of the court that you be confined in the Kansas Penitentiary for a period of time from zero to fifteen years."

Thereafter the petitioner was sentenced in accordance with the habitual criminal law, to serve a term of confinement at hard labor in the Kansas State Penitentiary for a term of not less than fifteen years.

The petitioner makes two contentions. First, that his court-appointed counsel violated his trust as an official of the court and attorney at law in representing him and in fact represented him in such an incompetent manner as to deprive him of the right to effective assistance of counsel in violation of due process of law and rendered the sentencing court without jurisdiction to accept his plea of guilty or to impose a valid sentence upon him, and second, that he was denied due process of law by the imposition of penalties provided in the habitual criminal statute (G. S. 1949, 21-107a).

With respect to the petitioner's first contention, the burden was upon him to show that his court-appointed counsel was so incompetent as to deprive him of his right to counsel. (*Miller v. Hudspeth,* 164 Kan. 688, 192 P. 2d 147; *Hicks v. Hand,* 189 Kan. 415, 369 P. 2d 250.) To meet this burden, the petitioner submitted the transcript of the proceedings, and made certain uncorroborated statements as to how his counsel advised him. On its face, the transcript reveals no obvious infirmities of the manner in which petitioner's counsel carried out his trust. It is well settled that the uncorroborated statements of a petitioner are insufficient to support the granting of a writ of habeas corpus where, as here, the judgment is regular on its face and shows full compliance with the judicial requirements of G. S. 1961 Supp., 62-1304. (*Szopenske v. Hand,* 188 Kan. 590, 363 P. 2d 410; *McGee v. Crouse,* 190 Kan. 615, 376 P. 2d 792.) The petitioner claims that his counsel failed to object to the admission into evidence of two prior felony convictions. The transcript affirmatively shows that the petitioner admitted in open court that he had been convicted of two previous felonies, one in Riley County on December 16, 1938, showing conviction of the crime of grand larceny, and one in Saline County

on September 14, 1948, showing conviction of burglary in the nighttime. The petitioner does not indicate what possible objection there may have been to that evidence. Having admitted those offenses and the previous convictions, there was no valid reason why his counsel should question the duly certified and authenticated copies of the journal entries of the district courts of Riley and Saline Counties showing the petitioner's previous convictions of felony. Counsel appointed by the district court to represent an indigent defendant in a criminal action, owes to his client the duty to act diligently, faithfully and honestly in behalf of the client, but where the proof shows only a situation where honest exercise of discretion is involved, it may not be held counsel was remiss or that he did not fully and adequately represent his client in the absence of proof of bad faith. (*Miller v. Hudspeth,* supra; *Trugillo v. Edmondson,* 176 Kan. 195, Syl. ¶ 2, 270 P. 2d 219; *Cox v. Hand,* 185 Kan. 780, 347 P. 2d 265; *Hickock & Smith v. Hand,* 190 Kan. 224, 373 P. 2d 206.)

The petitioner makes the specific charge that his court-appointed counsel did not fully explain the significance of a plea of guilty or fully inform him as to the offenses with which he was charged. Here, again, there is only the uncorroborated statement of the petitioner as to this matter and the transcript clearly shows that he advised the district court that, contrary to what he now claims, he had opportunity to counsel with his attorney and that he had done so.

The petitioner is neither youthful in age (the transcript showed him to be fifty-two years of age when he entered the plea of guilty), nor lacking in experience in lawbreaking. His first brush with the law, conviction of the crime of grand larceny, occurred some twenty-two years prior to his arraignment in the district court of Marion County. He was later convicted of breaking and entering in 1948. He had not only served time on both of those convictions but sought and obtained a parole from the Saline County conviction. It cannot be said that the petitioner can be placed in the category of those who have had no experience with the meaning of a plea of guilty to a felony charge, or of the significance of that plea and the penalties which might be imposed as a result thereof. He is a mature adult and no stranger to court or custodial procedure, or unaware of his rights upon arrest.

The petitioner asserts he was not given reasonable notice or

opportunity to be heard prior to being sentenced by the district court under G. S. 1949, 21-107a, as an habitual criminal. This case is similar in many respects to *State v. Messmore,* 175 Kan. 354, 264 P. 2d 911, where it was held that when a defendant does not object to the notice given, freely admits the former felony convictions, and does not object to the imposition of the increased sentence, notice is waived and the judgment will not be set aside. Likewise, it is similar to *Sanders v. Hand,* 190 Kan. 457, 375 P. 2d 785, where the petitioner was not informed of the state's intention to request sentencing as an habitual criminal until he was before the court for judgment and sentence. In the opinion it was said:

". . . the petitioner was present in person and by counsel at the time the state requested the district court to invoke the habitual criminal act and increase the sentence. Neither he nor his attorney objected to the application of the statute in sentencing, or attacked the authenticated records of the two previous felony convictions. The court gave them an opportunity to do so, but they remained silent. The time for complaint was then, not now. The claim that the petitioner was denied due process of law is rejected, and the writ is denied." (l. c. 460.)

The petitioner concedes that he did not object to the imposition of the habitual criminal sentence, but states his reason therefor was that he feared the wrath of the court for being "out of order." He claims that he should not be held to have waived any objection to notice given by the state that he might have had. We do not agree. In the first place, there was no objection to the notice since notice was given after conviction and before the allocution. (*State v. Woodman,* 127 Kan. 166, 172, 272 Pac. 132; *Sanders v. Hand,* supra.) Secondly, since there is no evidence of bad faith, petitioner must be held to be bound by the acts of his attorney when the acts were performed in his presence and without his objection. This has long been the rule with respect to retained counsel (*Miller v. Hudspeth,* supra. Syl. ¶ 14), and the administration of criminal justice dictates a similar rule where counsel is court appointed.

When sentence was imposed in the district court of Saline County in 1948, the prior Riley County conviction was introduced to impose the increased penalty under the habitual criminal act. Both the Saline and Riley County convictions were introduced in evidence at the hearing to invoke the habitual criminal act in the case at bar. Petitioner contends that the use of the Riley County

conviction twice to secure increased penalty under the habitual criminal act constitutes double jeopardy. The point is not well taken. Our habitual criminal act merely provides a more severe penalty for the commission of a felony by an habitual criminal than by one who is a first time offender. (*Luppy v. Hudspeth,* 159 Kan. 434, 436, 155 P. 2d 428; *Dickerson v. Hand,* 186 Kan. 518, 350 P. 2d 793.) The penalty or sentence to be imposed for the commission of the offense for which a defendant is convicted is solely a legal matter for the determination of the district court. (*State v. Woodman,* supra; *Levell v. Simpson,* 142 Kan. 892, 52 P. 2d 372.) The use of the Riley County conviction the second time to impose the habitual criminal act does not constitute double jeopardy in any sense of the word. The petitioner had pleaded guilty to the offense charged in Marion County and having been convicted a second and third time of a felony, the district court was authorized to use the prior convictions in Saline and Riley Counties in imposing sentence on May 2, 1960. (*State v. Frizzell,* 137 Kan. 35, 37, 19 P. 2d 694; *State v. Fannan,* 167 Kan. 723, 728, 207 P. 2d 1176.)

The petitioner lastly contends that since the governor granted him a pardon from the conviction of felony in Saline County it was a denial of due process of law to use that conviction to impose the increased penalty of G. S. 1949, 21-107a. The point has been decided adversely to the petitioner's contention. In *Murray v. Hand,* 187 Kan. 308, 356 P. 2d 814, it was held:

"The record of a prior felony conviction may be used to increase the sentence imposed for a subsequent felony conviction in accord with the provisions of G. S. 1949, 21-107a despite the fact that the prisoner received a pardon as to the prior conviction."

See, also, *State v. Tague,* 188 Kan. 462, 363 P. 2d 454.

We have carefully examined the record and the petitioner has failed to sustain the burden of proof incumbent upon him to prove he was deprived of his constitutional right to effective assistance of counsel and has likewise failed to show that the sentence imposed on May 2, 1960, was not in accordance with our habitual criminal act and the decisions of this court construing it. A writ of habeas corpus is denied.