864

Floyd E. JOHNSON, Petitioner,

v.

Sherman H. CROUSE, Warden Kansas
State Penitentiary, Lansing,
Kansas, Respondent.

No. 3566 H. C.

United States District Court
D. Kansas.

Jan. 10, 1964.

Phillip L. Woodworth, Mission, Kan., for petitioner.

William M. Ferguson, Atty. Gen., of Kansas, Arthur E. Palmer and Robert J. Lewis, Jr., Asst. Attys. Gen. of Kansas, Topeka, Kan., for respondent.

ARTHUR J. STANLEY, Jr., Chief Judge.

On May 2, 1960, the petitioner appeared for arraignment in the District Court of Marion County, Kansas, on charges of second degree burglary (Kan.G.S.1949, 21–520) and grand larceny (Kan.G.S.1961 Supp. 21–533). The court at that time appointed counsel to represent him even though he stated that an attorney was not necessary and that he understood all of the points involved.

Thereafter, petitioner and his appointed counsel retired for consultation. Counsel was then advised by the petitioner that he had committed the crimes charged and that he intended to enter a plea of guilty.

Later the same day, having waived arraignment, the petitioner entered his plea of guilty to the charges of burglary in the second degree and grand larceny, stating to the court that he did so voluntarily and after consultation with counsel.

The prosecutor then gave notice that he was invoking the habitual criminal act (Kan.G.S.1949, 21–107a) and offered into evidence certified copies of two journal entries showing prior felony convictions —one for burglary in the second degree and the other for grand larceny. At the time of the offer the attorney for the State said that he wished to " * * * give the accused and his counsel opportunity to study these whatever time is necessary." After the court had been advised as to the substance of the journal entries, he addressed counsel for the petitioner, telling him that he could examine the documents. Upon inquiry by his counsel the petitioner admitted that he had been convicted of the offenses as set out in the journal entries. Thereupon, the court received them in evidence.

The court then found the defendant guilty and held that the habitual criminal act was applicable. The petitioner waived allocution and the court announced sentence of the petitioner to confinement " * * * in the Kansas Penitentiary for a period of time from zero to fifteen years." Sentence was later recorded in

the journal entry of judgment as "not less than 15 years" and signed by the judge.

The petitioner is presently incarcerated in the Kansas State Penitentiary pursuant to the above mentioned conviction and sentence.

On October 2, 1963, the petitioner lodged in this court a "Petition for Writ of Habeas Corpus Ad Subjiciendum." On the following day this court entered its order: permitting the petitioner to proceed in forma pauperis; appointing counsel to represent the petitioner in this proceeding; directing that the petitioner be brought to Kansas City on or before October 14, 1963, for a conference with appointed counsel; directing that he be brought before the court on October 18, 1963, for a pretrial conference; and that he be produced in court at Kansas City on October 23, 1963, for a hearing on the merits.

Following a pretrial conference and complete trial on the merits, at each of which the petitioner was present and was represented by appointed counsel, this court took the matter under advisement and counsel for both sides filed briefs in support of their respective contentions.

Petitioner claims that he is unlawfully detained and seeks release on the grounds that he was denied effective assistance of counsel, and that he was sentenced as a habitual criminal without receiving proper notice that the statute would be applied.

### COMPLIANCE OF COUNSEL WITH KAN.G.S.1961 SUPP. 62–1304

Kansas has a statute, Kan.G.S.1961 Supp. 62–1304, which provides in pertinent part:

"It is the duty of an attorney appointed by the court to represent a defendant, without charge to defendant, to inform him fully of the offense charged against him and of the penalty therefor."

Petitioner avers that his court appointed counsel did not discuss with him the nature of the offense charged or the degrees thereof or the penalty provided therefor. His testimony is corroborated by his brother's affidavit, received in evidence in this court.

In answer, respondent contends that whether counsel complied with the state statute is a matter of state law and presents no federal question. And the Supreme Court of Kansas having found this issue without merit (Johnson v. Crouse, 191 Kan. 694, 698, 383 P.2d 978 (1963)), respondent contends that this court is bound by the state court's construction of its statute.

The jurisdiction of a federal district court in habeas corpus is limited to a determination of whether there has been a denial of rights under the United States Constitution and does not extend to adjudication of non-federal questions of state law. State of Utah v. Sullivan, 227 F.2d 511, 514 (10th Cir. 1955), cert. denied, Braasch v. State of Utah, 350 U.S. 973, 76 S.Ct. 449, 100 L.Ed. 844 (1956). And interpretation of state legislation is primarily the function of state authorities, judicial and administrative. The construction given to a state statute by the state courts is binding upon federal courts. Albertson v. Millard, 345 U.S. 242, 244, 73 S.Ct. 600, 97 L.Ed. 983 (1953); Bostick v. Smoot Sand and Gravel Corp., 154 F.Supp. 744, 757 (D.Md. 1957).

I cannot inquire further as to whether counsel fulfilled his obligations under the state statute.

### ADEQUACY OF COUNSEL

However, the issue of adequacy of counsel has a dual character in that the Sixth Amendment to the Constitution of the United States provides, "In all criminal prosecutions, the accused shall enjoy the right * * * to have the Assistance of Counsel for his defense." This has been extended to include individuals accused of non-capital crimes in state courts, unless the right is competently and intelligently waived. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), overruling Betts v. Brady, 316 U.S. 455, 62

S.Ct. 1252, 86 L.Ed. 1595 (1942); Campbell v. United States, 318 F.2d 874, 875 (7th Cir. 1963).

The arraignment and sentencing in which the petitioner contends he was inadequately represented took place May 2, 1960. The Supreme Court of the United States handed down Gideon v. Wainwright on March 18, 1963. The question arises, therefore, whether the Gideon decision is to apply retroactively to cases determined prior to its enunciation by the court.

In Gideon, the trial court refused the petitioner's request that counsel be appointed to represent him. In the case at bar counsel was appointed, but the petitioner contends that his assistance was inadequate. While the facts differ in this respect, there can be no doubt that the constitutional guaranty of an accused's right to "Assistance of Counsel" means adequate or effective assistance. Powell v. Alabama, 287 U.S. 45, 68–71, 53 S.Ct. 55, 77 L.Ed. 158 (1932); Hudspeth v. McDonald, 120 F.2d 962 (10th Cir. 1941).

Only the Supreme Court of the United States can finally lay to rest the problem of retrospective application of a decisional change. Decisions reached in other cases dealing with this question have given rise to dichotomous theories and concepts. See Gaitan v. United States, 317 F.2d 494, 497–498 (10th Cir. 1963), and Hall v. Warden, Maryland Penitentiary, 313 F.2d 483 (4th Cir. 1963).

In the absence of counter-indication by the Supreme Court, I would follow the rule announced in Gaitan, not only because it is the rule of this circuit, but because I believe it to be the better reasoned rule. The Supreme Court has, however, at least impliedly, indicated that the rule of Gideon is to be applied retroactively. On April 22, 1963, the court vacated and remanded, "for further consideration in light of Gideon v. Wainwright," eighteen cases in which it was claimed that the defendants were not represented by counsel and in which convictions antedated the decisional change.

372 U.S. 766–770, 773–782, 83 S.Ct. 1102–1107, 1103–1106, 10 L.Ed.2d 138. Again, on June 17, 1963, the court vacated and remanded another eleven cases of the same tenor for reconsideration in light of Gideon. 374 U.S. 488–494, 505–508, 83 S.Ct. 1875–1912, 1880–1882, 10 L.Ed.2d 1044.

Other courts at lower levels have applied Gideon retroactively. See, e. g., Perez v. State of New York, 223 F.Supp. 336, 339–340 (S.D.N.Y.1963); United States ex rel. Craig v. Myers, 220 F.Supp. 762, 763 (E.D.Pa.1963); Whiteside v. Rundle, 32 LW 2313 (Pa.C.P., Phila. Dec. 10, 1963); Jones v. Cunningham, 319 F. 2d 1, 5 (4th Cir. 1963) (concurring opinion); Striker v. Pancher, 317 F.2d 780, 783–784 (6th Cir. 1963) (dictum).

However, even though the Gideon rule be given retrospective application, the petitioner in the case at bar is not entitled to be released on the ground that he was inadequately represented. Habeas corpus is a civil proceeding and the petitioner has the burden of showing by a fair preponderance of the credible evidence that his present detention is unlawful. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). The burden is upon him "to allege and prove primary facts, not inferences, that show, notwithstanding the strong presumption of constitutional regularity in state judicial proceedings, that is his prosecution the state so departed from constitutional requirements as to justify a federal court's intervention to protect the rights of the accused." Darr v. Burford, 339 U.S. 200, 218, 70 S.Ct. 587, 597–598, 94 L.Ed. 761 (1950), overruled on other grounds, Fay v. Noia, 372 U.S. 391, 435–438, 83 S.Ct. 822, 9 L.Ed. 2d 837 (1963). And the charge of ineffective assistance of appointed counsel should not be sustained unless it very clearly appears to be well grounded. Gray v. United States, 112 U.S.App.D.C. 86, 299 F.2d 467 (1962).

The record shows that the petitioner informed the sentencing court that he understood the charge against him

and that one of the first things he told his appointed counsel was that he was guilty as charged and that he intended to enter a plea of guilty. The journal entries which provided the basis for application of the habitual criminal act show prior convictions for the same crimes with which he stood charged in Marion County. Now petitioner claims that he was uninformed as to the nature of the charged offense and of the penalty therefor. I find this contention inconsistent and irreconcilable with the position he maintained in the Marion County District Court, and I am inclined to give more credence to the statements he made in the state court than to his testimony here.

Petitioner contends that counsel's failure to object to the introduction of the two journal entries was evidence of inadequate representation. It is not clear whether counsel examined the documents, but it is undisputed that counsel and the petitioner were given ample opportunity to do so. When his client admitted the prior convictions, saying nothing by way of explanation or mitigation, counsel had no basis for an objection. The constitutional guaranty of effective assistance is met when the accused is supplied with counsel "who exercises that judgment which might be expected of one trained in the law and committed to the diligent application of its principles." Taylor v. United States, 282 F.2d 16, 20 (8th Cir. 1960).

Furthermore, the objections which the petitioner now asserts do not render the journal entries showing prior convictions inadmissible. The objections are: first, that in one of the convictions the petitioner received a pardon and restoration of citizenship rights by the governor of Kansas, "satisfactory cause having been shown"; and, second, that the other document was fatally defective since it does not recite the statutes under which the petitioner was charged and sentenced as required by Kan.G.S.1949, 62–1516.

As to the first objection, the record of a prior felony conviction may be used to increase the sentence imposed for a subsequent felony conviction in accordance with the provisions of the habitual criminal act, despite the fact that the defendant received a pardon as to the prior conviction. Murray v. Hand, 187 Kan. 308, 356 P.2d 814 (1960); State v. Tague, 188 Kan. 462, 363 P.2d 454 (1961); Annot., 31 A.L.R.2d 1186 (1953). When a defendant is convicted of a felony and it is shown to the court that he has been previously convicted of one or more felonies, application of the recidivist act is *mandatory*. State v. Tague, supra; State v. Ricks, 173 Kan. 660, 250 P.2d 773 (1952).

As to the second objection, attacking admissibility of the other journal entry because of its failure to recite the statutes under which the petitioner was charged and sentenced, suffice it to say that the settled law of Kansas is that such defects are technical only, do not render the conviction void, and may be corrected by a *nunc pro tunc* order. Craven v. Hudspeth, 172 Kan. 731, 242 P.2d 823 (1952).

Petitioner has not borne his burden of proof on this issue, in that he has failed to show by a preponderance of the evidence that his representation was in fact inadequate.

## DUE PROCESS NOTICE OF THE STATE'S INTENTION TO APPLY THE RECIDIVIST ACT

The petitioner contends that the notice given him of the state's intention to invoke the habitual criminal act of Kansas (Kan.G.S.1949, 21–107a) did not meet the requirements of due process. It is well settled and has recently been reaffirmed that "due process does not require advance notice that the trial on the substantive offense will be followed by an habitual criminal proceeding." Oyler v. Boles, 368 U.S. 448, 452, 82 S.Ct. 501, 503–504, 7 L.Ed.2d 446 (1962). All that is required is that the defendant receive reasonable notice and an opportunity to be heard relative to the recidivist charge. Oyler v. Boles, supra, 368 U.S. at 452, 82 S.Ct. at 503–504, 7 L.Ed.2d 446; United States ex rel. Collins v.

Claudy, 204 F.2d 624 (3rd Cir. 1953). The consideration of prior offenses in fixing sentence relates only to the sentence and the notice therefore need not be given at or prior to the trial of the substantive offense. Chandler v. Fretag, 348 U.S. 3, 8, 75 S.Ct. 1, 99 L.Ed. 4 (1954); Graham v. State of West Virginia, 224 U.S. 616, 625, 32 S.Ct. 583, 56 L.Ed. 917 (1912); United States ex rel. Swingle v. Rundle, 204 F.Supp. 114 (E.D.Pa.1962).

 The record in this case shows that, after the state announced its intention to apply the recidivist act and introduced the two journal entries showing prior convictions, petitioner and his counsel were given ample opportunity to consider the matter. As in the Oyler case, the petitioner was represented by counsel, and neither the petitioner nor his counsel sought in any way to raise any matter in defense or intimated that a continuance was required in order that they might investigate the existence of any possible defense. On the contrary, the transcript of the proceedings indicates that the petitioner, personally and through his lawyer, conceded the applicability of the law's sanctions to the circumstances of his case by an admission of the validity of the journal entries. I find, therefore, that the notice given the petitioner met the requirements of due process.

## DISCREPANCY OF THE SENTENCE

Following the entry of the plea of guilty, the court, in sentencing the petitioner, pronounced sentence from the bench as "from zero to 15 years" in the Kansas State Penitentiary. The journal entry of judgment, signed by the sentencing judge, indicates a sentence of "not less than 15 years."

 The record in this case discloses no instance in which the petitioner presented his contention as to invalidity of the sentence to a state court. Hence, as to this issue, he has not exhausted his state remedies as required by 28 U.S.C. A. § 2254. Under the statute, I am without jurisdiction to pass on this question until it has been presented to the appropriate judicial body of the state, such channels being still open to the petitioner. See Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

 I believe, further, that the question of legality or validity of the sentence of a state court based upon the interpretation given a state statute, is a matter especially appropriate for determination by the state judiciary.

## FINDINGS AS TO ALL OTHER ISSUES

Since the petitioner has failed to offer any evidence on the following issues of fact, determined at the pretrial conference to be the issues to be tried in this proceeding, I find that he has failed to sustain his burden of proof on said issues and that:

1. The plea of guilty entered by the petitioner in the criminal proceeding was made voluntarily and was free from coercion and misrepresentation;

2. There was no knowing use of perjured testimony or suppression of evidence by the prosecutor in the criminal proceeding;

3. There were no admissions or confessions illegally obtained from the petitioner;

4. The petitioner was mentally competent, i. e., able to understand the nature of the proceedings against him and to cooperate with counsel in his defense at all stages of the criminal proceeding;

5. The petitioner was likewise competent at all stages of this civil proceeding; and

6. The petitioner was adequately represented by competent counsel in this civil proceeding.

## JUDGMENT

The petition is denied, the writ of habeas corpus discharged, and the petitioner remanded to the custody of the respondent.