Floyd E. JOHNSON, Appellant,

v.

Sherman H. CROUSE, Warden Kansas State Penitentiary, Lansing, Kansas, Appellee.

No. 7679.

United States Court of Appeals Tenth Circuit.

May 20, 1964.

Rehearing Denied June 23, 1964.

418

———◇———

Robert P. Grueter, Denver, Colo., for appellant.

Robert J. Lewis, Jr., Asst. Atty. Gen., of Kansas (William M. Ferguson, Atty. Gen., of Kansas, on the brief), for appellee.

Before BREITENSTEIN, HILL and SETH, United States Circuit Judges.

PER CURIAM.

The appeal is from a denial of a petition for a writ of habeas corpus.[1] Appellant, now a prisoner confined in the Kansas State Penitentiary, was charged in the District Court of Marion County, Kansas, with second degree burglary and grand larceny. The trial judge appointed counsel to represent him, although Johnson stated at that time that he understood all the points involved and the appointment of counsel was not necessary. After consultation with his appointed counsel, he appeared before the court, waived arraignment and entered a plea of guilty to both counts of the information, stating then to the court that he did so voluntarily and after consultation with his counsel. The county attorney then gave notice, in open court, that he was invoking the Kansas habitual criminal act (Kan.G.S.1949, 21–107a) and offered into evidence certified copies of two journal entries of judgment, each showing a separate prior felony conviction. The county attorney, at this stage of the proceedings stated, "I would like to offer into evidence, and give the accused and his counsel opportunity to study these whatever time is necessary." Upon inquiry in open court by his attorney, Johnson admitted the two prior convictions and thereafter the journal entries were admitted into evidence and sentence was pronounced pursuant to the mandatory sentencing provisions of the Kansas statutes.

Appellant makes two contentions here: (1) That he was not afforded adequate or effective assistance of counsel; and (2) that he was not given proper notice of the State's intention to proceed against him under the habitual criminal statutes of the State.

These questions were resolved against Johnson by the Supreme Court of Kansas in an original habeas corpus proceeding had in that court prior to the filing of this case in the court below.[2] Both that court and the trial court in this case found that Johnson had failed to sustain his factual burden and, in addition, found as facts, as well as under the law, that appellant's two contentions were without merit.

We have carefully considered the entire record, including that of all proceedings had in the state district court, and we agree with the Supreme Court of Kansas and with the court below. An exhaustive opinion on the questions involved would only reiterate what the other two courts have already said.

Affirmed.

1. Johnson v. Crouse, 224 F.Supp. 864 (D.Kan.1964).

2. Johnson v. Crouse, 191 Kan. 694, 383 P. 2d 978.