No. 44,376

WALTER B. FAIRBANKS, *Appellant,* v. THE STATE OF KANSAS, *Appellee.*

(413 P. 2d 985)

Opinion filed May 7, 1966.

*T. L. O'Hara,* of Wichita, argued the cause and was on the brief for the appellant.

*Tyler C. Lockett,* Deputy County Attorney, argued the cause, and *Robert C. Londerholm,* Attorney General, and *Keith Sanborn,* County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

FONTRON, J.: This is an appeal by the plaintiff, Walter B. Fairbanks, from a judgment overruling his motion to vacate a sentence imposed against him on July 26, 1963.

The facts are not in serious dispute. In January 1963, the plaintiff, with others, was charged with burglary in the second degree, atempted larceny and illegal possession of burglary tools. On July 17, 1963, at which time he was represented by personal counsel, he entered a plea of guilty to possession of burglary tools, waived his right to trial by jury on the two remaining charges, and proceeded to trial by the court. The charge of attempted larceny was later dismissed by the state and the plaintiff was found guilty only of second-degree burglary. After a motion for new trial had been filed and overruled, the plaintiff was sentenced under the Habitual Criminal Act to terms of from ten to twenty years on the burglary charge and from two to six years for possession of burglary tools.

Approximately a year and a half later, the plaintiff filed his motion, under K. S. A. 60-1507, to vacate the sentence. On February 18, 1965, this motion was considered by the Sedgwick County Dis-

trict Court which, after reviewing the files, found plaintiff's motion to be without merit and overruled the same. The present appeal was thereupon perfected and Mr. T. L. O'Hara, a practicing attorney of Wichita, Kansas, was appointed to represent Fairbanks.

The plaintiff presents four points on this appeal: (1) That he was not given proper notice that the state intended to invoke the provisions of the Habitual Criminal Act; (2) that he was denied due process of law by the *ex post facto* application of the Habitual Criminal Act; (3) that he was placed in double jeopardy by the application of the Habitual Criminal Act; and (4) that the Habitual Criminal Act conflicts with what is now K. S. A. 62-1304.

It does not appear that the question posed in point (4) above was included in plaintiff's 1507 motion or was ever presented to the trial court. Accordingly, under familiar rules of appellate procedure, that question is not properly here for review. This court will not consider on appeal issues which were not before the trial court for its decision. (*Call v. State*, 195 Kan. 688, 694, 408 P. 2d 668; *State v. Gates*, 196 Kan. 216, 410 P. 2d 264.) Nevertheless, we have noted plaintiff's contentions in regard to the matter and see no merit therein.

The record completely refutes plaintiff's claim that he was not given notice of the state's intention to invoke the provisions of the Habitual Criminal Act (K. S. A. 21-107a) against him. The transcript of the proceedings had on April 1, 1963, when the criminal docket for the April term was called, shows that the case of State v. Walter B. Fairbanks and Virgil D. Russell (Fairbanks' co-defendant) was set for trial on April 15, 1963, and that Mr. Hollingsworth, chief deputy county attorney for Sedgwick County, thereupon made the following statement:

"State would like to notify the defendants and their attorneys that in the event that they are convicted of this charge or these charges or any one of them, the state intends at this time to ask the Court to sentence the defendant, Walter B. Fairbanks under the terms of the Habitual Criminal Act, and will offer evidence that he has had a prior felony conviction, to-wit: Burglary in Greenwood County. . . ."

We think it obvious, from Mr. Hollingsworth's own words, that the notice was directed personally to the plaintiff, not to a roomful of defendants generally, as Fairbanks would have us infer. It is not claimed, and we have no reason to assume, that the plaintiff did not hear the notice given or that he failed to comprehend the same. There is no truth to the claim that plaintiff was not notified in

advance that sentence would be asked under the Habitual Criminal Act.

It is suggested in plaintiff's brief that the notice provided him should have been in writing and should have set out the evidence which the state proposed to introduce. No such requirements are to be found either in the statute itself or in any of our decisions. The notice, as given, meets the essential demands of due process and we deem it sufficient.

Nothing new is presented in either of the remaining two contentions advanced by Fairbanks. This is not the first lawsuit in which K. S. A. 21-107a has been attacked on the twin theories that the statute was *ex post facto* in its effect and that its application constituted double jeopardy. Both contentions have previously been before this court and have been rejected *in toto*.

In *Cochran v. Simpson*, 143 Kan. 273, 53 P. 2d 502, the petitioner objected to the enforcement of the Habitual Criminal Act on the ground it was *ex post facto* in its application, inasmuch as the first felony had been committed prior to adoption of the statute. In disposing of this contention, the court quoted from 58 A. L. R. 21 as follows:

" 'A statute enhancing the punishment for a second or subsequent offense *is not an ex post facto law merely because the prior offense occurred before* the statute in question was enacted or became effective.' " (p. 276.)

In a later case, *Johnson v. Crouse*, 191 Kan. 694, 383 P. 2d 978, it was contended that the use of a prior conviction to secure an increased penalty under the Habitual Criminal Act constituted double jeopardy. The court held this argument to be fallacious and said, on page 700:

". . . Our habitual criminal act merely provides a more severe penalty for the commission of a felony by an habitual criminal than by one who is a first time offender. (*Luppy v. Hudspeth*, 159 Kan. 434, 436, 155 P. 2d 428; *Dickerson v. Hand*, 186 Kan. 518, 350 P. 2d 793.) The penalty or sentence to be imposed for the commission of the offense for which a defendant is convicted is solely a legal matter for the determination of the district court. (*State v. Woodman*, supra; *Levell v. Simpson*, 142 Kan. 892, 52 P. 2d 372.) The use of the Riley County conviction the second time to impose the habitual criminal act does not constitute double jeopardy in any sense of the word. . . ."

The foregoing views were reiterated and both decisions were followed in the recent case of *Thompson v. State*, 195 Kan. 318, 403 P. 2d 1009, where we held:

"(1) Application of the habitual criminal statute does not constitute it an *ex post facto* law;

"(2) Application of the habitual criminal statute does not constitute double jeopardy; . . ." (Syl.)

Our search of the record in this case reveals no error, and the judgment and sentence of the trial court is affirmed.

FROMME, J., not participating.