## MILLER ET AL. v. THE STATE.

Although a suit be nominally by a State as the plaintiff, yet where the real plaintiffs are individuals—as *ex gr.* in a *quo warranto*, where the State is plaintiff *ex relatione*—the court will not advance, even by consent of counsel on both sides, a case under the act of June 30th, 1870.

MOTION to advance a cause, &c.

Seven persons, asserting themselves to be the true directors of the Rochester and Genesee Railroad Company, a corporation created by the State of New York, brought suit in one of the courts of that State in the nature of a *quo warranto*—using the name of The People of the State of New York as plaintiff with their own names as relators—against one Miller and several others, who also asserted themselves to be directors, charging that these last had unlawfully usurped the office of directors, from which they, the relators, had been unlawfully ousted.

The case being transferred from the special term of the court to which it was brought to the general term, the names of the seven relators were dropped, and the matter proceeded in the name of " The People of the State of New York" alone.  Judgment being finally given in the case thus entitled, by the Court of Appeals in New York, the case came here from that court on error; and now, standing low down on the docket, a motion was made by *Mr. T. Bacon, for the plaintiff in error, Mr. J. C. Cochrane in behalf of the other side,* favoring the same, and having himself made a

similar motion, to advance the cause and hear it at such time as the court should direct.

The motion was made under the act of 30th June, 1870, which provides:

"That in all suits . . . now pending or which may hereafter be brought in any of the courts of the United States, whether original suits in the courts of the United States, or brought into said courts by appeal or writ of error, . . . wherein a State is a party, . . . or where the execution of the revenue laws of any State may be enjoined or stayed by judicial order or process . . . it shall be the duty of any court in which such case may be pending, on sufficient reason shown, to give to such cause the preference and priority over all other civil causes pending in such court between private parties.

"And the State or party claiming under the State the execution of whose revenue laws is enjoined or suspended shall have a right to have such cause heard at any time after such cause is docketed in such court, in preference to any other civil cause pending in such court between private parties."

It was stated at the bar, in support of the motion under this statute, that in addition to the suit being by the State of New York, and so within the statute on that ground, the State named was interested in a fiscal point of view in the successful operation of the road, now greatly interfered with and almost arrested by the quarrels between the different bodies asserting themselves to be its true board of directors; that the revenue laws of the State and her receipts from the road were in fact suspended until the road was put into quiet and successful operation; that is to say, were suspended by the judicial order or process granting a writ of error in the case, until the disposition of which in some way the road could not be put into the sort of operation spoken of.

Mr. Justice CLIFFORD delivered the opinion of the court.

The motion is that the cause be advanced, and that it be heard at such time as the court shall direct, in preference to civil causes between private parties.

Founded as the motion is, upon the act of Congress of the

thirtieth of June, 1870, it becomes necessary to inquire and determine whether the case is within the terms of that act, as if it is the motion should be granted, and the cause set for hearing as there directed.

Provision is there made to the effect that in all suits and actions now pending, or which may hereafter be brought, in a Federal court, whether the suit is original or brought into said courts by appeal or writ of error or by removal from a State court, wherein a State is a party, or where the execution of the revenue laws of any State may be enjoined or stayed by judicial order or process, it shall be the duty of any court in which such case may be pending, on sufficient reason shown, to give such cause the preference and priority over all other civil causes pending in such court between private parties.

Reliance, however, is placed, in support of the motion, upon the next clause of the act, which provides that the State, or the party claiming under the laws of the State, the execution of whose revenue laws is enjoined or suspended, shall have a right to have such cause heard at any time after such cause is docketed in such court in preference to any other civil cause pending in such court between private parties, as provided in the last phrase of the preceding clause.*

No objection to the motion is made by the defendants. Instead of that they have filed one to the same effect, but such motions are not granted as of course, even when both parties concur, as such an order, if improperly made, would prejudice the rights of other parties on the calendar, and in view of that consideration it becomes necessary to determine whether the case is one where the parties, or either of them, are entitled to such preference, and to enable us to determine that point we have examined the record, and are satisfied that the motion must be denied.

The action was one in the nature of a *quo warranto* to try the title of the defendants, as directors of the Rochester and Genesee Valley Railroad, a corporation created by the laws

---

* 16 Stat. at Large, 176.

of the State of New York, and doing business in that State, and the real controversy is between two sets of directors as to which set is entitled to manage and control the affairs of the corporation.

Both parties assume in argument that the suit is in the name of the State, or the people of the State alone, and it is upon that ground that it is claimed that the motion ought to be granted; and if the fact was so it may be conceded that the cause ought to be advanced. Such, however, is not the fact. On the contrary, the suit was brought not only in the name of the People of the State of New York, but also in the name of seven persons claiming to be directors of the railroad company, and that they, as such, are entitled to manage and control its affairs or to participate in such management and control; and they charge that the defendants, without any legal authority, right, or warrant whatsoever, have usurped and entered upon said offices of directors of the said corporation, and that they still unlawfully hold and exercise those rights and franchises. Subsequently, when the cause was transferred to the general term, the names of the seven directors joined as plaintiffs in the court of original jurisdiction were dropped in the title of the case, but the whole proceedings in the case in all the courts of the State where the case was litigated were upon the declaration as originally filed, without any amendment in that behalf. Evidently the suit is one in the name of the State, on the relation of the seven persons who charge that the defendants have unlawfully usurped the offices of directors from which they have been unlawfully ousted, or to which they are justly entitled by a legal election. Suggestion may be made that the State is the only party plaintiff named in the writ of error, but it is the duty of the court in such a case to open the record and ascertain whether the case in point of fact is one where the parties are entitled to be heard in preference to other civil causes between party and party pending on the calendar. Such a case is not within the act of Congress, and the

MOTION IS DENIED.