DAVENPORT CITY *v.* DOWS.

The ordinances of municipal corporations laying taxes cannot be regarded as the revenue laws of the State from which they derive their power of laying taxes, within the meaning of the act of June 30th, 1870, which makes it the duty of the court to give to causes, where the execution of the *revenue laws of any State* are enjoined or suspended by judicial order, preference, or priority over all other civil causes; and gives to the State or the party claiming under the laws of the State, the execution of whose revenue laws is enjoined or suspended, the right to have such cause heard at any time after docketing in preference to any other civil cause between private parties.

ON motion to advance on the docket an appeal from the

Circuit Court for the District of Iowa, and to assign it specially for hearing. The case was thus:

Prior to June 30th, 1870, the order of hearing causes here was regulated by rule. Criminal cases were advanced, by leave of court, on motion of either party. Revenue cases and cases in which the United States are concerned, which also involve or affect some matter of general public interest, were advanced, by leave of court, on motion of the Attorney-General. All other cases were required to be heard in their regular order, unless special and peculiar circumstances were. shown to the court. An act of Congress of the date just named,* made it the duty of the court to give to causes wherein a State was a party or where the execution of the "revenue laws of a State" is enjoined or suspended by judicial order, preference and priority over all other civil causes; and gave to the State, or the party claiming under the laws of the State, the execution of whose revenue laws is enjoined or suspended, the right to have such cause heard at any time after docketing in preference to any other civil cause between private parties.

The appeal, which it was now moved to advance, was from a decree on a bill in the court below, filed by one Dows, a stockholder in a railroad company, whose road passed through the city of Davenport, to enjoin the collection of a tax levied by the city on the property of the company situated within it. The bill was based on the alleged non-liability of the company to such taxation. The decree below awarded a perpetual injunction, from which the city had taken this appeal.

The charter of the city authorized it to levy and collect taxes on " all taxable property, real, personal, and mixed, within the city."

*Mr. J. N. Rogers, in support of the motion:*

The case is within both the letter and the spirit of the act of June 30th, 1870, as to advancing causes. The phrase,

---

* 16 Stat. at Large, 176.

"revenue laws of a State," includes any State law authorizing taxation; whether for the benefit of the State at large, a county or other municipal corporation. The city of Davenport in laying taxes, exercises the taxing power of the State of Iowa, delegated to it for certain purposes. And it claims in this suit under the law of the State.

It is important to the city to have a speedy determination in this case, as the decree appealed from is of course used to defeat the collection not only of the particular tax directly in controversy in the case, but of subsequent taxes on the same property.

*Mr. T. F. Withrow, contra.*

The CHIEF JUSTICE delivered the opinion of the court.

The question in this case is, whether the laws for collection of taxes imposed by the city of Davenport are revenue laws of the State of Iowa.

We do not think that the ordinances of municipal corporations levying taxes can be classed as revenue laws of a State. Congress seems to have intended to give to the State the right to preference in hearing when itself a party to a cause pending in this court, and a like preference when the execution of the revenue laws of a State is enjoined or suspended, to any party claiming under such laws. This preference is given, plainly enough, because of the presumed importance of such cases to the administration and internal welfare of the States, and because of their dignity as equal members of the Union. The reasons for preference do not apply to municipal corporations, more than to railroad and many other corporations.

Nothing is shown to us which requires the advancement of the cause on account of special and peculiar circumstances.

MOTION DENIED.