HOGE, COMPTROLLER-GENERAL, ET AL., *v.* RICHMOND AND
DANVILLE RAILROAD COMPANY.

The court will not, in preference to cases pending between private parties, set
down for argument a case in which the execution of the revenue laws of
a State has been enjoined, unless it sufficiently appears that the operations
of the government of the State will be embarrassed by delay.

APPEAL from the Circuit Court of the United States for
the District of South Carolina.

The Richmond and Danville Railroad Company, a stock-
holder in the Atlanta and Richmond Air-Line Railroad Com-
pany, obtained a decree in the Circuit Court enjoining the
taxing officers of South Carolina from levying and collecting,
and the last-named company from paying, any State, county,
or municipal taxes upon its property within that State, upon
the ground that by its charter it was exempt from such taxa-
tion. This appeal was taken from that decree.

*Mr. William Stone*, Attorney-General of the State of South
Carolina, moved that this cause be advanced on the docket.

MR. CHIEF JUSTICE WAITE delivered the opinion of the
court.

This motion is based upon sect. 949 of the Revised Stat-
utes, which is as follows: —

" When a State is a party, or the execution of the revenue laws of a State is enjoined or stayed in any suit in a court of the United States, such State, or the party claiming under the revenue laws of a State the execution whereof is enjoined or stayed, shall be entitled, on showing sufficient reason, to have the cause heard at any time after it is docketed, in preference to any civil cause pending in such court between private parties."

The original act, to which this section of the revision is applicable, was passed June 30, 1870 (16 Stat. 176). Until that time, the order of hearing causes in this court was regulated almost entirely by rule; and we then held that the only cases of general public interest which should be taken up out of their regular order were those in which the question in dispute would embarrass the operations of the government while it remained unsettled. *United States* v. *Fossatt*, 21 How. 445. The statute is not imperative. It does not provide that all cases in which the execution of the revenue laws of the State is enjoined or stayed shall have preference over others upon the docket, but only such as, upon a showing, the court is of the opinion should be heard out of their order. The court must determine what is "sufficient reason " for this preference, under all the circumstances of the case.

In the present crowded state of our docket, it is incumbent on us to take care that injustice is not done to " private parties " by the unnecessary advancement of causes affecting public interests. To that end we now hold, that we will not give preference to cases in which the execution of the revenue laws of a State is enjoined, unless it sufficiently appears that the operations of the government of the State will be embarrassed by delay.

The Illinois Railroad Tax Cases, heard out of their order at the last term, may be referred to for the purpose of illustration. There the question was as to the constitutionality of the law under which all the property of railroad corporations in that State was taxed. The courts of the State had decided in favor of the validity of the law, and the Circuit Court of the United States against it. They were class cases; and their determination would dispose of many other suits of the same character then pending in the Circuit Court in which inter-

locutory injunctions had been allowed. In addition to this, it was shown that the action of the Circuit Court, in granting such injunctions, practically suspended not only " the enforcement of the revenue laws of Illinois against railroad corporations, but the collection of the taxes assessed upon the capital stock and franchises of all other corporations in the State, except so far as such corporations voluntarily pay such taxes." Under such circumstances, it is easy to see that questions of great public interest were involved, and that the operations of the government of the State would be embarrassed, so long as they remained undetermined by this court. Sufficient reason was shown, and the causes were accordingly advanced.

But here no such circumstances exist. The injunction operates only upon the property of a single corporation. The value of the property, or the amount of the revenue to be derived from it, is not shown. No question affecting the power of the State to tax other property is involved. The only dispute is as to the liability of the property of this single owner to taxation. The actual amount in controversy may be, and probably is, much less than that in very many other cases waiting their turn to be heard in the regular call of our docket. No disputed principle of law affecting any other case is, so far as we can discover from the record, presented for our determination.

We are of opinion, therefore, that a proper showing has not been made; but, as we have not before announced in so formal a manner the rule of practice which we have established for our government under this statute, leave is granted to the appellant to renew the motion if the defects which now exist in the showing can be supplied.                    *Motion denied.*