LEONIDAS W. SPRATT, APPELLANT, VS. CITY OF JACKSONVILLE, APPELLEE.

1. The advancement for decision of causes in which the State is not a material party in interest, is according to the practice of the court, controlled by the principle announced in the exception in Rule 30 of this court. It must be one in which a county, municipality or other recognized governmental agency is a real party in interest, and not a mere nominal party, and an immediate or early decision of the cause must be necessary either to the enforcement or protection of the public right asserted therein, or to the avoidance of embarrassment in the operation of such governmental agency; or it must be a case which, though no governmental agency is a real party in interest to it, yet so involves or affects public interests as that its early decision is necessary to avoid embarrassment to the governmental agency whose interest is involved.

2. The mere fact that a suit involves a public question does not give a municipality which is a real party in interest thereto the right to demand its advancement: nor do such fact, and the further facts that the same questions, which have been decided favorably to the city, are involved in several pending suits, or that various other suits may be imminent because of not advancing the particular one, nor that the same questions may arise as to a hundred distress warrants held by the city attorney to be enforced.

3. The fact that the cause is one involving municipal taxes, and to which a municipality and a taxpayer are the parties, is no ground for advancing a cause for decision, on the application of the taxpayer.

Appeal from the Circuit Court for Duval county.

Motion to advance case.

The facts of the case are stated in the opinion of the court.

*S. E. Foster* and *A. W. Cockrell & Son* for motion.

RANEY, C. J. :

The appellant moved to advance the consideration of this cause, it having been submitted on briefs, and the appellee may be regarded as virtually joining in the motion.

The cause is one in which the appellant filed before the Circuit Judge of the Fourth Circuit, in October last, a petition praying that the taxes assessed by the city of Jacksonville for the year 1890 be declared illegal. The amount of the taxes sought to be collected of him as assessed against his real and personal property is $300.36. The Circuit Judge decided the taxes were legal, and from his order to this effect the appeal has been taken.

The grounds of the motion to advance are: 1st, the

determination of the issues involved is of grave public and general interest; 2nd, many cases are depending in their final determination upon the decision in this cause.

Three affidavits have been filed in support of the motion: one by the senior appellant's counsel, stating that two designated cases, appealable to this court, have already been adjudicated by the Circuit Court of Duval county and depend, under agreements of counsel for the city and for complainants therein, upon our decision in this cause, and that other causes set forth in the affidavit of S. E. Foster, appearing below, are severally dependent thereon, and that in the opinion of the affiant, the interest of the city, and that of many tax-payers, will be promoted by this cause being advanced. Another of the affidavits is by the junior counsel of appellant, and is to the effect that he had on the fourth day of the present month, March, 1892, a consultation with the City Attorney of the city of Jacksonville, counsel of record in this cause for such city, and that it is agreed by such attorney and affiant, in several suits pending in the Circuit Court of Duval county, some under a statutory proceeding for adjudging the taxes unlawful, and others in chancery to enforce tax liens, and still others at law, for damages claimed for levies under the tax assessment, that all such suits involve the questions of the tax set up in this particular suit; also that various other suits are

imminent because of the fact that the questions involved in said tax are not adjudicated in the Supreme Court, and that said city and its citizens are generally injured by reason of the want of a final and authoritative adjudication in the premises. The other affidavit is that of the attorney of the city of Jacksonville, and it sets out that as such attorney he has brought suit by bill in the Duval county Circuit Court against one Parker to collect taxes for the year 1890, and that Parker, represented by counsel appearing here for appellant, has demurred to the bill on the ground, among others, that the "tax was not levied in pursuance of law." It also states that the question of the validity of such assessment and levy for 1890 is now pending here in the cause before us, and that affiant has in his possession at least one hundred distress warrants to be sued on, and in which, or in any of which, the same question of the validity of said levy may arise.

The only rules bearing upon the subject of advancing the decision of causes in this court are Supreme Court Rules 14 and 30. The former of these rules is, that "causes in which the State is a party, including criminal causes, may be moved in behalf of the State out of their regular order on the docket at any time, except while a cause is being argued." The other rule is as follows: "No cause of which this court may have original jurisdiction concurrently with the Circuit Courts will be given precedence over appellate causes as to the final decision of the same, unless it be one of public right,

or so involving public interests as to require its advancement upon the docket.    This rule shall, however, not apply to cases of *habeas corpus*."

The exception made in favor of cases of *habeas corpus* was necessitated, at least by the statute regulating the practice upon such writs. : McClellen's Digest, pp. 562-5.

The State is not a party in interest, or even formally to this suit, nor is the cause of a criminal nature, and of course Rule 14 does not apply; nor is the case within the terms or real purpose of Rule 30, still it is a fact that the principle announced by the exception contained in the latter rule has controlled for some time the action of the court in advancing appellate causes, and our decision of the motion must rest upon that principle.    For a cause to be one, within the meaning of Rule 14, to which the State is a party, the State must be not only a party in name, but also materially interested; it is not sufficient that she is merely a nominal party.    Where the State is a material party to a cause, it may be advanced on her motion under Rule 14, but not under Rule 30; and where she is not such a party, Rule 14 has no application.    The exception in Rule 30 was not intended to secure from the other provisions of the rule any cause to which the State was a party, whether civil or criminal; Rule 14 secures this. To secure advancement under the exception contained in Rule 30, a cause must be one of public right or so

involving public interest as to require its advancement upon the docket. To be one of public right, within the meaning of the rule, it must be one in which a county or municipality, or other recognized governmental agency is a material party in interest, and an immediate or early decision of the cause must be necessary to the enforcement or protection of the public right asserted therein; or to avoid embarrassment in the operations of such governmental agency; and to be one so involving public interest as to require advancement, it must be a case which so involves public interest as that its decision is necessary to avoid embarrassment to the governmental agency whose interests are involved. The principle of the rule is the avoidance of any real embarrassment which will apparently result to public interests from delay in deciding the cause, and to this end an advancement of the cause for decision will be made. The mere fact that a suit involves a public question does not give a county or municipality the right to demand its advancement. There must be an actual embarrassment to governmental operations. It does not appear that the city has not collected the taxes involved here. If it has not done so, there is still nothing before us to excuse the omission. If it has collected them and appellant is suing to recover them or to recover damages for trespass in collecting them forcibly and against his will that case can be dealt with when it reaches us.

In so far as appellant is concerned, the fact that the case is one involving taxes, is no reason for its ad-

vancement. The amount is no more to him than it would be if it was involved in an action of replevin or assumpsit, against another individual, nor is it any more to him than other amounts, smaller or greater, are to litigants before us over whom he is asking to be preferred. The concession of the rule, whose analogy we are considering, that causes of public right or so involving public interests as to require advancement, may be advanced, was made to subserve practical public interests, and not for the benefit of the individuals who might be parties to such causes; and even as to the public it can be invoked successfully only where it is shown that public interests will be embarassed if the cause is not decided. Where life and liberty are not involved, no individual suitor can claim preference over others.

The fact that the city attorney has seen fit to agree that the decision in two other causes shall depend on our decision here, is not ground for advancing this cause, nor is the fact that counsel before us agree that the questions involved here are involved in several suits pending in Duval Circuit Court, or that various other suits are imminent because of our not advancing this cause; nor that the same question may arise as to a hundred distress warrants which the city attorney holds to be enforced. The question does not appear to have produced embarrassment to the municipal government when it has actually arisen. Certainly mere possibilities can not justify us in giving precedence upon a crowded docket.

12

In United States vs. Fossatt, 21 How., 445, it was said that no cause should be taken up out of its order when private interests alone were involved, and that the only cases in which that court would depart from this rule were those where the question in dispute will embarrass the operations of the government while it remains unsettled. Subsequently Congress passed an act that in suits wherein a State is a party, or wherever the revenue laws of any State may be enjoined or stayed by judicial order or process, it shall be the duty of the court on sufficient reasons shown to give the cause preference over all other civil causes pending in such court between private parties; and in Miller vs. State, 12 Wall., 159, the court refused to advance a cause—a proceeding in *quo warranto* involving the title to the directorship of a railroad company—in which individuals were the real parties, and the State practically only a formal party; and in Davenport City vs. Dows, 15 Wall., 390, the decision was, that an ordinance of a municipal corporation levying taxes could not be regarded as the revenue law of a State, within the meaning of such statute. In Hoge vs. Richmond and Danville R. Co., 93 U. S., 1, the conclusion of the court was it would not in preference to cases pending between private parties set down for argument a case in which the execution of the revenue laws of a State had been enjoined, unless it sufficiently appeared that the operations of the government of the State would be embarrassed by delay, and the motion to advance was refused because it was not shown that such embarrassment would result from delay in deciding

the case in which an injunction had been granted against the collection of State, county and municipal taxes against a railroad company whose property was held to be exempt from taxation.

In the absence of a clear showing that embarrassment will result to the operations of the government of Jacksonville from delay in deciding this case, we do not think it should be advanced over private causes.

We have not found it necessary to invoke the fact that by an act of the legislature of June 9th, 1891, the Jacksonville tax assessments and levies for the years 1887 to 1890, inclusive, have been legalized; laws of 1891, pp. 64-66; nor do we say what would be the effect of such legislation on this motion.

The motion is denied.