**WHITE v. HUNTER.**

No. 1124.

District Court, D. Kansas, First Division. April 9, 1948.

Homer Davis, of Leavenworth, Kan., for petitioner.

Eugene W. Davis, Asst. U. S. Atty., of Topeka, Kan., for respondent.

MELLOTT, District Judge.

Petitioner, an inmate of the United States Penitentiary at Leavenworth, Kansas, was brought before the court under a writ of habeas corpus. The return of the respondent and the evidence indicates he recently began the service of a 10 year sentence, imposed upon him in the District Court of the United States for the Eastern District of Michigan, Southern Division, following a plea of guilty to the offenses of forging, uttering and publishing a United States Savings Bond and theft of a letter from the United States mail.

The sole contention of petitioner, which seems to have any merit, is that he was prosecuted upon an information without full and complete compliance with the applicable Federal Rules of Criminal Procedure, 18 U.S.C.A. following section 687. Until the adoption of these rules, no one could be prosecuted in the courts of the United States for an offense punishable by imprisonment for a term exceeding one year or at hard labor unless indicted by a duly empanelled, sworn and charged Grand Jury. Rule 7, however, adopted for the primary purpose of obviating the necessity of holding prisoners, sometimes for many weeks, until a Grand Jury should be empanelled, modifies the old rule and permits a prisoner—if not held for an offense punishable by death—to waive indictment and consent to be prosecuted by information.

Subsection (b) of Rule 7, supra, provides that prosecution may be "by information if the defendant, after he has been advised of the nature of the charge and of his rights, waives in open court prosecution by indictment."

This court would not have the temerity to attempt to read into the rule something that is not there; but, as it understands the language used, the waiver, at least, must be "in open court." At the risk of supererogation, it well may be that the framers of the rule intended that the advice as to "the nature of the charge and of * * * [the defendant's] rights" should also be given in open court; but that question may be passed. The problem here is simply whether the waiver by petitioner was strictly in accordance with the rule. At the conclusion of the evidence the court expressed the opinion it was not. The reasons may be stated briefly.

Petitioner testified categorically that he had not signed the waiver in open court but that it had been signed in the United States Attorney's office. In that posture of the case, this court naturally turned to the transcript of the proceedings in the sentencing court, attached to respondent's return. This recites, in the opening sentence thereof, a statement by the Assistant United States Attorney that he had "explained his [the defendant's] rights to be examined by the Grand Jury, and [that] he has executed a waiver, and consented to the filing of the information." Thereupon, and following questions by the court as to whether the accused understood the charges against him and whether he had "signed a waiver of indictment", a plea of guilty was entered and accepted. Thereafter, and following examination by the court of a

report of the Probation Department, sentence was pronounced.

■ The above constitutes substantially all of the evidence bearing upon the issue. In fairness to the sentencing court, however, it should be stated that the "Waiver of Indictment" signed by the defendant (petitioner here), states upon its face that the defendant does "hereby waive in open court prosecution by indictment and * * * consent that the proceeding may be by information instead of by indictment." The court has some doubt that the waiver itself should be classified as an incontrovertible court record, Thomas v. Hunter, 10 Cir., 153 F.2d 834; and, being of the opinion that the official transcript of the proceedings in the sentencing court supports petitioner's contention that the waiver was actually signed before he was brought into court, does here and now find as a fact that the waiver was not made in open court.

■ The finding which has been made justifies the conclusion now reached that the petitioner is held under an illegal sentence. He is not, however, entitled to be set at large at once. The proper practice has been indicated in a number of cases, which is to "remit the prisoner to the court wherein he was sentenced for further action by that court in conformity to law." Wilson v. Bell, 6 Cir., 137 F.2d 716, 719, and cases therein cited. It is doubtful if this court has any authority to order that the respondent Warden attend to the details of returning the prisoner to the Eastern District of Michigan. In all probability the sentencing court and its attaches will take proper steps to see that he is taken before the court "for further action * * * in conformity to law." An order will therefore be entered by this court directing that the respondent turn the petitioner over to the United States Marshal for the Eastern District of Michigan to be returned to that District for such further action as to the court may seem meet and proper. The order of this court will also provide that, unless petitioner is taken into custody by said Marshal before 12 o'clock noon on Saturday, May 8, 1948, he shall then be released by the respondent herein.