STURGIS, Chief Judge.
This appeal was perfected prior to July 1, 1957, and is thus governed by the Supreme Court Rules then in effect rather than by the Florida Appellate Rules now in force.
The parties undertook by stipulation to advance the cause for oral argument, but this court refused to recognize such stipulation. Any other course would lead to confusion and would afford undue preference to litigants.
Following that action the appellant filed a motion to advance the cause for oral argument on the ground that the suit was brought by appellant to enforce by injunction the restrictive provisions, limited as to time, of an employment contract, and alleged that the subject of the appeal will become moot unless the decision of this court is rendered in a reasonably short time. Motions seeking to advance a cause for final hearing should be complete within themselves and must contain such appropriate references to or excerpts from the record as will relieve this court of the burden of reviewing the entire record in order to act thereon. The motion is incomplete in that respect.
Under Supreme Court Rule 43, 31 F.S. A., the only cases entitled to preference on the calendar are those involving crimes, habeas corpus proceedings, appeals from the Florida Railroad and Public Utilities Commission, certiorari proceedings to review the orders of the Workmen’s Compensation Commission, causes in which the state is the real party in interest, and other cases entitled to advancement by statute or rule of the court. The case on review does not fall within that class.
For the guidance of the bar, we wish to observe that while Florida Appellate Rule 3.12, governing appeals filed after July 1, 1957, affords complete latitude to this court to advance causes for final hearing upon a showing of good cause, the rule will be strictly construed to the end that litigants shall receive equal treatment, and only those cases which have traditionally been entitled to preferential consideration will be taken up out of order. Mere possibilities or threat of inconvenience or hardship will not justify this court in giving preference to any individual suit- or upon a crowded calendar. See Spratt v. City of Jacksonville, 29 Fla. 171, 10 So. 734.
*498 The motion under consideration must be and it is denied.
WIGGINTON, J., and THOMAS, Associate Justice, concur.