Travis Oral SPAULDING, Petitioner,

v.

J. C. TAYLOR, Warden United States Penitentiary, Leavenworth, Kansas, Respondent.

No. 3678 H.C.

United States District Court
D. Kansas.

Oct. 6, 1964.

---

Homer Davis, Leavenworth, Kan., for petitioner.

Benjamin E. Franklin, Asst. U. S. Atty., Topeka, Kan., for respondent.

WESLEY E. BROWN, District Judge.

This is a habeas corpus action. The sole question to be determined by this court is whether or not the refusal to appoint an attorney to represent an indigent defendant on appeal constitutes a denial of due process which would warrant the release of the petitioner. The question involves the retroactive application of Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). For the reasons hereinafter set

forth we hold that the petitioner is entitled to release.

Spaulding, the petitioner, presented his present petition for a writ of habeas corpus properly signed and verified by filing it in this court on July 31, 1964. August 24, 1964 this court ordered a hearing and requested that respondent's attorney and Spaulding's court appointed counsel be prepared to argue the matter on the question of whether petitioner had been denied due process because of the failure to have counsel appointed on appeal. The hearing on Spaulding's petition was held on September 11, 1964 with the petitioner appearing in person and by his court appointed attorney, Mr. Homer Davis. Spaulding requested and was granted leave to amend his petition to include a contention that he had and was being denied swift and imperative relief under his petition for a writ of habeas corpus.

The facts are not in dispute and the court after examining the papers and exhibits filed in this court, after hearing the evidence adduced and the arguments of counsel at the hearing makes the following findings of fact, conclusions of law and order.

The petition shows that Spaulding is now in the custody of the respondent under or by color of the authority of the United States.

Petitioner was sentenced by a territorial court in Alaska during March 1955. After encountering numerous procedural obstacles not here relevant, petitioner perfected his appeal pro se to the Ninth Circuit, which court affirmed the conviction. Spaulding v. United States, 279 F.2d 65 (9th Cir.) (per curiam), cert. denied, 364 U.S. 887, 81 S.Ct. 177, 5 L.Ed. 107 (1960). Petitioner requested counsel on appeal, and while the Ninth Circuit granted leave to appeal in forma pauperis, it denied his request for counsel on appeal.

Motion was made in the sentencing court [then the United States District Court, District of Alaska] on November 20, 1960, raising the issue of denial of counsel on appeal. Petitioner was informed that such "territorial court" cases had been transferred to the state courts of Alaska. Spaulding then lodged a petition in the Alaska Superior [trial level] Court, on May 12, 1961 and was informed he had "mischosen his forum." An appeal was taken to the state supreme court, which ruled on May 29, 1961 and upheld the lower court decision. A motion for rehearing in the state supreme court was denied, as was certiorari. See Spaulding v. Alaska, 369 U.S. 879, 82 S.Ct. 1152, 8 L.Ed.2d 282 (1962).

This court has already determined that the remedy under § 2255 is, under the factual pattern herein presented, ineffective to test the validity of his detention. See Spaulding v. Taylor, No. 3403 H.C. (D.Kan., orders dated March 8, 1963 and August 19, 1963), aff'd, 336 F.2d 192 (10th Cir. 1964) (1964).

During this period, petitioner also sought federal habeas relief in this court. On April 6, 1961 this court ruled that any irregularity must be tested by motion under 28 U.S.C.A. § 2255. See Spaulding v. Taylor, No. 3195 H.C. (D. Kan. order filed April 6, 1961).

We emphasize that the original sentencing court [territorial court] is no longer in existence, and that both the present federal court in Alaska and the state courts therein have denied jurisdiction to hear the matter. We note that while the Tenth Circuit is "informally advised" that Alaska state courts will now entertain such matters, it has affirmed this court's position that the § 2255 remedy is ineffective and that this court has jurisdiction to entertain a habeas petition. We do not feel that such "informal" advice is justification for this court to consider this application moot and to order petitioner to pursue a post-conviction remedy in the sentencing court. We choose to re-affirm our prior ruling on the inadequacy of petitioner's sentencing-court remedies.

Spaulding has previously sought federal habeas relief in this court alleging that the prosecution attorneys knowingly permitted perjured testimony at the trial. The writ was denied on the basis that the allegations had been fully determined in petitioner's appeal from the conviction. See Spaulding v. Taylor, No. 3403 H.C. (D.Kan., Order filed August 19, 1963), aff'd, 336 F.2d 192 (10th Cir. 1964) (1964).

The Ninth Circuit, on Spaulding's appeal from conviction after a "careful review of the record" held: "We are satisfied that appellant was accorded a fair *trial* and *that due process prevailed*." Spaulding v. United States, 279 F.2d 65, 68 (9th Cir.) (per curiam), cert. denied, 364 U.S. 887, 81 S.Ct. 177, 5 L.Ed.2d 107 (1960) (emphasis added).

Petitioner principally relies on Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), and its retrospective application through Smith v. Crouse, 378 U.S. 584, 84 S.Ct. 1929, 12 L.Ed.2d 1039 (1964) (per curiam), reversing 192 Kan. 171, 386 P.2d 295 (1963).

We note that the Tenth Circuit has previously denied retroactive application of Mapp v. Ohio. See Gaitan v. United States, 317 F.2d 494 (10th Cir. 1963). But the Tenth Circuit, while preferring not to do so, has recognized that the Supreme Court has hinted that Gideon v. Wainwright might well apply retrospectively. See Johnson v. Crouse, 224 F.Supp. 864 (D.Kan.), aff'd per curiam, 332 F.2d 417 (10th Cir. 1964). At any rate, the mandate of Smith v. Crouse, supra, seems clear to us that Douglas is to be given retrospective application.

The decision and order which we make today are undertaken recognizing the responsibility of the federal trial courts as announced in the "trilogy of 'guideline'" decisions set forth in Townsend v. Sain, Fay v. Noia and Sanders v. United States, infra. We would point out that in the present case there are no questions of fact to be resolved and that our decision today is based on a purely legal question. We say this because we question whether in all cases the refusal to appoint counsel on appeal would of itself amount to a denial of due process.

■■ In the case at bar, the Ninth Circuit carefully reviewed the record of Spaulding's trial and concluded that due process prevailed and that Spaulding received a fair trial. Spaulding v. United States, supra. We frankly doubt that furnishing petitioner with an appellate attorney would have then changed or would now change the outcome of the appeal. But we feel we are precluded from asking such a question by Douglas and Smith. The California court in Douglas there refused to appoint an attorney on appeal only after concluding that appointment of counsel would be of no value to either the defendant or the court. The Supreme Court then held that "where the merits of *the one and only appeal* an indigent has as of right are decided without benefit of counsel, we think an unconstitutional line has been drawn between rich and poor." Douglas v. California, 372 U.S. 353, 357, 83 S.Ct. 814, 816, 9 L.Ed.2d 811, 814 (1963). To us, this means an indigent defendant has an *unqualified right* to assistance of counsel on appeal. It follows that the refusal to appoint an attorney on appeal for Spaulding constituted a denial of due process.

■ Petitioner has not forfeited or waived his right to assistance of counsel on appeal. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), would bar any such argument, even if it could be assumed arguendo that Spaulding had factually waived such rights. Under the Noia requirement of an intentional relinquishment of a known right for waiver, any failure to assert rights not known to exist could hardly be deemed a waiver.

■ Nor can any inferences of binding effect be drawn from the denial of certiorari on Spaulding's original appeal or from the denial of certiorari from the orders of the Alaska Supreme Court refusing to hear the denial of counsel argument. Though habeas cor-

pus presents a *civil* remedy, the principles of res judicata do not apply to habeas litigation. Fay v. Noia, 372 U.S. 391, 423, 83 S.Ct. 822, 9 L.Ed.2d 837, 859 (1963). "Conventional notions of finality of litigation have no place where life or liberty is at stake and infringement of constitutional rights is alleged. If 'government [is] always [to] be accountable to the judiciary for a man's imprisonment,' * * * access to the courts on habeas must not be thus impeded. The inapplicability of res judicata to habeas, then, is *inherent in the very role and* function of the writ." Sanders v. United States, 373 U.S. 1, 8, 83 S.Ct. 1068, 1073, 10 L.Ed.2d 148, 157 (1963).

■ Having decided that the denial of counsel on appeal for Spaulding amounted to a denial of due process, the question remains what kind of an order should this court enter. The respondent in its brief contends that even if Spaulding was denied his constitutional right he is not now eligible for outright release or discharge but should be given an opportunity to have the wrong corrected. With the retroactive application of Douglas from a legal standpoint, the wrong which needs to be corrected under normal time sequence has been delayed eight years. Spaulding has been in prison 9½ years. He was five years in obtaining a hearing on appeal and for four years he has been buffeted from the Supreme Court of the United States to every inferior court within his reach, continually contending that the denial of counsel on appeal jeopardized his constitutional rights. Douglas nor Smith gave outright release to a prisoner detained who was denied counsel on appeal. We have no power to order the United States District Court for the District of Alaska or any Alaska state court to take jurisdiction and appoint appellate counsel for Spaulding or to make any other order it might deem appropriate. Cf. Spaulding v. Taylor, 336 F.2d 192 (10th Cir. 1964) (1964).

The Supreme Court has indicated that the conceptual basis of its decision in Fay v. Noia "affects all procedural hurdles to the achievement of *swift and imperative justice* on habeas corpus * * *." 372 U.S. 391, 435–36, 83 S.Ct. 822, 847, 9 L.Ed.2d 837, 867 (1963). We read this general admonition as a directive to federal trial judges to take prompt action without regard to statutory procedural limitations. We feel we must squarely face the dilemna presented by factual patterns such as that at bar as read in light of the retrospective application of Douglas, and utilize reasonable, imaginative procedures to accomplish the "achievement of swift and imperative justice" as directed.

This court has previously indicated that in usual practice, a prisoner would be remitted to the sentencing court for action there in conformity with law. White v. Hunter, 76 F.Supp. 954 (D. Kan.1948); Goulette v. Hunter, 73 F. Supp. 717 (D.Kan.1947). But as indicated supra we have no power to order the sentencing court to appoint an attorney for Spaulding to insure a "meaningful" appeal.

■ We are therefore of the opinion that the facts of this case warrant our taking action to order the release of Spaulding. We are convinced, however, from our review of the facts, the findings of the 9th Circuit Court, and the history of this litigation that the petitioner is guilty as charged, but this does not correct the denial of counsel on appeal. Justice, the two edged sword, requires our staying the effectiveness of petitioner's release to enable the state, if it is so inclined, to provide petitioner with a "meaningful" appeal. Hollon v. Tinsley, 334 F.2d 762 (CA 10, 1964).

It is therefore ordered that Spaulding be discharged from custody under the sentence which he is now serving, the effective date of this order to be stayed for thirty days from the date hereof to enable the State of Alaska to have an opportunity to seek to correct the wrong admittedly perpetrated upon the petitioner by his failure to have a "meaningful" appeal.