**William J. OZENNA, Appellant,**

v.

**R. W. MAY, Warden, etc., Appellee.**

**No. 20019.**

United States Court of Appeals
Ninth Circuit.

Jan. 3, 1966.

William J. Ozenna, in pro. per.

William N. Goodwin, U. S. Atty., Charles W. Billinghurst, Asst. U. S. Atty., Tacoma, Wash., for appellee.

Before BARNES, BROWNING and DUNIWAY, Circuit Judges.

DUNIWAY, Circuit Judge:

Appeal from denial of a writ of habeas corpus. In May, 1951, petitioner was convicted in the Alaska District Court, at Nome, and sentenced to a 15 year term of imprisonment, upon his plea of guilty to a charge of assault with intent to commit rape. He did not appeal, and is now a prisoner in the United States penitentiary at McNeil Island, Washington. On March 31, 1961, he was given a "mandatory conditional release". (18 U.S.C. § 4163) He was returned to custody on December 1, 1962, for parole violation. On July 3, 1962, he was convicted of another offense (forgery) in an Alaska state court, and sentenced to 1 year's imprisonment. He was granted parole by the Alaska authorities on December 6, 1962, as of December 1, and "ordered on parole to the Federal Detainer."

Petitioner's sole contention is that, because he was convicted by an Alaska territorial court, the United States Board of Parole no longer has any authority over him. His reliance is upon the Alaska Statehood Act, 72 Stat. 339, July 7, 1958, 48 U.S.C. 1964 pocket part, and particularly those provisions relating

to the transfer of jurisdiction to the new Alaska state courts, which became effective February 20, 1960 (see sections 13–18, 72 Stat. 349–350).

■ We find nothing in the Act which deals specifically with the problem here presented. But we think that the answer to it is clear. When Ozenna was convicted, the crime was against the United States. The case was so entitled—and correctly so. There was no other sovereign in Alaska at that time. He was regularly committed to the custody of the Attorney General (18 U.S.C. § 4082). He then became subject to the jurisdiction of the United States Board of Parole. (18 U.S.C. ch. 311, § 4201 ff) In short, he became a federal prisoner. Nothing in the Alaska Statehood Act changes that custody, or that jurisdiction. It does transfer *court* jurisdiction over state (formerly territorial) offenses to the state courts. (Sections 15, 16) It does not abate any proceeding; it expressly provides (Section 13) against abatement. The transfer does not affect the validity of petitioner's sentence or change his custodian.

The cases on which Ozenna relies do not deal with this problem. They recognize the difference between federal offenses, as they are referred to in certain congressional acts of general application, and offenses against territorial laws, which are analogous to offenses against the states. But they do not hold that an offense against territorial laws is not an offense against the United States, or that it is not punishable by imprisonment in a United States correctional institution, the prisoner being subject to the control of the Attorney General, the Bureau of Prisons (18 U.S.C. ch. 303, §§ 4041–4042), and the United States Board of Parole. See Mookini v. United States, 1938, 303 U.S. 201, 58 S.Ct. 543, 82 L.Ed. 748 (rules for criminal proceedings in "District Courts of the United States" do not apply to territorial courts); Ex parte Krause, D.C.Wash., 1915, 228 F. 547 (offense against Alaska territorial law not offense against the United States within the meaning of Rev.Stat. § 1014);

United States v. Doo-Noch-Keen, 1905, 2 Alaska 624 (crimes defined in The Alaska Code are purely local in character, "and in no sense federal laws". The court goes on to say, however, that such offenses "are in a sense offenses against the United States, because the United States is the local governing authority"); United States v. Abrahamson, 1945, 10 Alaska 518.

Affirmed.