**Robert L. CADE, Appellant,**

v.

**R. P. BALKCOM, Jr., Warden, Georgia State Prison, Appellee.**

**No. 23061.**

United States Court of Appeals Fifth Circuit.

May 17, 1966.

No formal appearance was entered for appellant.

Peyton S. Hawes, Jr., Asst. Atty. Gen., Arthur K. Bolton, Atty. Gen., Marion O. Gordon, Deputy Asst. Atty. Gen., Atlanta, Ga., for appellee.

Before TUTTLE, Chief Judge, BELL, Circuit Judge, and KILKENNY,* District Judge.

PER CURIAM:

This is an appeal from the denial of a writ of habeas corpus. Appellant was convicted on seven counts of sodomy in state court. He was represented at the trial by counsel of his own selection. No motion for new trial was filed. After the time for the filing of such a motion had expired, appellant, with newly retained counsel, filed an extraordinary motion for new trial. This motion was denied, and the denial affirmed in Cade v. State, 1962, 107 Ga.App. 30, 129 S.E. 2d 405. Appellant then filed a petition for a writ of habeas corpus in the City Court of Reidsville, Georgia. Relief was denied. He then petitioned the United States District Court for the Southern District of Georgia for a writ of habeas corpus (Civil Action No. 1731). The writ was denied, and no appeal was taken. Appellant then, once again, petitioned the District Court for issuance of a writ on generally the same grounds as formed the basis for the prior petition.

This petition was denied and this appeal followed.

The grounds urged by appellant in the District Court,[1] other than those relating to the conduct of his counsel, clearly do not state grounds upon which federal habeas corpus relief can be granted. The rule is:

"State prisoners are entitled to relief on federal habeas corpus only upon proving that their detention violates the fundamental liberties of the person, safeguarded against state action by the Federal Constitution." Townsend v. Sain, 1963, 372 U.S. 293, 83 S.Ct.·745, 9 L.Ed.2d 770.

Nor do his allegations with respect to the inadequacy of representation by his lawyer who was of his own choice and retained by him state a basis for federal relief. This court stated in Kennedy v. United States, 5 Cir., 1958, 259 F.2d 883: "Ordinarily, unless a convicted prisoner on habeas corpus * * * alleges and proves misconduct of his counsel amounting to a breach of his legal duty faithfully to represent his client's interests, the defendant in a criminal case is bound by the acts of his counsel." See also Camp v. United States, 5 Cir., 1965, 352 F.2d 800; Gray v. Ellis, 5 Cir., 1958, 257 F.2d 159. The allegations here fall far short of this.

Moreover there has been no exhaustion of the presently available state remedy of habeas corpus where the claim is that counsel failed to file a motion for new trial. That is one of appellant's contentions here. The case of Sims v. Balkcom, 1964, 220 Ga. 7, 136 S.E.2d 766, makes it plain that there is a presently available state remedy for this particular claim. It must be exhausted. Smart v. Balkcom, 5 Cir., 1965, 352 F.2d 502; Whippler v. Balkcom, 5 Cir., 1965, 342 F. 2d 388.

Affirmed.

---

* Of Portland, Oregon, sitting by designation.

1. See Young v. Wainwright, 5 Cir., 1964, 326 F.2d 255, where Judge Rives stated: "Orderly judicial procedure, coupled with a lack of a sufficient record, impels this Court of Appeals to review no more than the issues passed on by the district court." Thus we do not consider the matters urged for the first time in this Court.