Harold **HUTSON**, Appellant,

v.

**Edwin B. ZEIGLER, as Chief Probation Officer for the Southern District of Mississippi, Appellee.**

**No. 23183.**

United States Court of Appeals
Fifth Circuit.

June 17, 1966.

Paul Frederick Rothstein, (Court-appointed), Joel J. Finer, Allen Smith, Austin, Tex., for appellant.

F. D. Hand, Jr., Asst. U. S. Atty., Charles L. Goodson, U. S. Atty., for appellee.

Before HUTCHESON and RIVES, Circuit Judges, and CHOATE, District Judge.

HUTCHESON, Circuit Judge.

This appeal is from the denial without a hearing of appellant Hutson's petition for habeas corpus. In his petition Hutson challenged the constitutionality of his present confinement on two grounds: first, that he was unconstitutionally denied appointive counsel on appeal from his original conviction; and second, that because of his peculiar status as an Alaska territorial offender in federal custody after the Alaska Statehood Act (48 U.S. C. ch. 2), he is entitled to immediate release as having served his full sentence. The district court summarily rejected both points. We affirm.

Indicted on two charges of violating Alaska territorial laws, Harold Hutson was on May 3, 1955, tried and convicted in the United States District Court for Alaska, acting in its capacity as a territorial court, and sentenced to ten years in the custody of the Attorney General of the United States. On appeal this judgment was affirmed. Hutson v. United States, 238 F.2d 167, 16 Alaska

485 (9th Cir. 1956). During and after his appeal Hutson was incarcerated in the United States Penitentiary, McNeil Island, Washington. Sometime after his appeal, but before September 2, 1961, Hutson was transferred to the United States prison at Atlanta, Georgia. On September 2, 1961, he was given, over his protests, a "mandatory conditional release" from that prison under the provisions of 18 U.S.C. Section 4163.[1] On August 3, 1964, a warrant was issued for Hutson's return because of parole violations. Shortly thereafter he was returned to custody in the Atlanta penitentiary to serve the remaining 1,338 days of his original sentence.

Hutson then filed a habeas petition in the United States District Court for the Northern District of Georgia.[2] In his original petition he asserted that the United States Board of Parole had no jurisdiction over him either at the time of his mandatory release or at the time of his return to custody, but rather such jurisdiction, by virtue of Alaska's statehood and its legislative enactments since then, was vested exclusively in the appropriate Alaska state authorities. In a subsequent amendment Hutson alleged that he, because of his indigency and inability otherwise to obtain counsel, requested but was unconstitutionally denied, appointive counsel on his original appeal to the Ninth Circuit. The district court, without a plenary hearing, denied habeas relief on either ground, assigning written reasons therefor. Hutson here urges that the court erred in so doing. We are unable to agree.

Appellant Hutson's contention that the Federal Parole Board lacked jurisdiction over him has been answered otherwise in two very recent cases. In Ozenna v. May, 354 F.2d 651 (9th Cir. 1966), an Alaska territorial offender, imprisoned in a federal penitentiary and given a mandatory conditional release after Alaska's statehood, raised this very point. In rejecting it the Ninth Circuit said (354 F.2d at 652):

> * * * When Ozenna was convicted, the crime was against the United States. The case was so entitled—and correctly so. There was no other sovereign in Alaska at that time. He was regularly committed to the custody of the Attorney General (18 U.S.C. § 4082). He then became subject to the jurisdiction of the United States Board of Parole. (18 U.S.C. ch. 311, § 4201ff). In short, he became a federal prisoner. Nothing in the Alaska Statehood Act changes that custody, or that jurisdiction. * * *

Appellant would explain away *Ozenna* on the ground that at the time of Ozenna's conditional release Alaska had not made provision for parole and conditional release of territorial offenders, while since then, and before his own conditional release in 1961, Alaska has enacted such legislation which specifically provides that it is applicable "to all persons convicted of a [territorial] crime * * * [and] who were convicted and sentenced before Alaska became a state * * *."[3] Appellant concludes that this enactment ousted federal parole authorities of jurisdiction over him, thus en-

1. In relevant part Section 4163 states: "A prisoner *shall* be released at the expiration of his term of sentence less the time deducted for good conduct." (Emphasis added) At the time of his release Hutson was entitled to, and was given credit for, 1,338 days "statutory and extra good time deduction from the maximum term of sentence imposed * * *."

2. Hutson's habeas petition in the district court challenged his continued retention by the prison authorities at the Atlanta penitentiary. On March 16, 1966, after the court below had denied his petition, Hutson was again conditionally released

from prison and placed under the supervision of a parole officer. By agreement between the parties, Hutson's probation officer was substituted as the proper party respondent on appeal, and the complaint is now of the custody imposed by this latter official.

3. Parole Administration Act Section 13, Alaska Stat.Ann. tit. 33, Section 15.240 (1962). This Act was passed in 1960; but the quoted language was added in 1961, effective April 1 of that year. Ozenna was granted a mandatory conditional release on March 31, 1961; Hutson, on September 2, 1961.

titling him to habeas relief. But we cannot concur in this analysis. In considering this very provision the Supreme Court of Alaska approved a lower court holding that it not only did not oust federal parole authorities of their jurisdiction over Alaska territorial offenders in federal custody, but also was ineffective, in light of federal pre-emption of the field, in granting even concurrent jurisdiction to Alaska state parole authorities. *Moody v. Alaska,* 1 Alaska L.J. No. 12, Dec., 1963, p. 7 (Alaska Super.Ct.1963), aff'd mem., 392 P.2d 466 (Alaska 1964). And while appellant's arguments in opposition to Moody are quite thorough, we are convinced that federal parole officials retained jurisdiction over appellant after the quoted amendment, and thus could properly order his conditional release and subsequent return to confinement.[4]

At his 1955 trial in the Alaska District Court, appellant was represented by privately retained counsel. After the verdict against him, Hutson's attorneys gave notice of appeal and filed petitions for admission to bail, supported by briefs. Thereafter these attorneys withdrew. Hutson then indicated to the Ninth Circuit, before whom his appeal was pending, that he intended and desired to obtain replacement counsel for his appeal, and was granted an extension of time in which to do so. Appellant asserts that at this time he filed a request for appointive counsel because of his indigency and inability to obtain appellate counsel. The Government denies that appellant make such a request or made known his purported indigency. On this issue the district court found:

> The foregoing circumstances do not show that petitioner was denied counsel, but, quite to the contrary, that the case was decided, without objection or motion in forma pauperis for the appointment of counsel, upon appeal briefs [5] prepared and filed by petitioner's trial counsel.
>
> As a question of fact the Court hereby finds that petitioner was represented by counsel on his appeal.

and denied habeas relief.

Undoubtedly appellant's broad assertion is correct: an indigent state defendant is constitutionally entitled to appointive counsel on appeal, where he makes known his indigency and desire for appellate counsel. *Douglas v. People of State of California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963).[6] And appel-

---

4. We observe that the Alaska and the United States Boards of Parole apparently share this view. By agreement dated December 20, 1961, these parties noted the 1961 amendment to Section 13 of the Parole Act (note 3 supra and accompanying text) and provided:

    WHEREAS the State of Alaska wishes to give all possible effect to this state statute [Section 13, as amended];

    WHEREAS, the United States Board of Parole wishes to cooperate as fully as possible with the Alaska Board of Parole in giving effect to this statute;

    IT IS HEREBY AGREED AS FOLLOWS:

    (1) That whenever possible the United States Board of Parole will inform the Alaska Board of Parole of all actions taken by it with respect to retaking persons sentenced for violations of the territorial laws of Alaska who are presently on parole under the supervision of the United States Parole Board.

    (2) That whenever possible the United States Board of Parole will, through its agents, inform the Alaska Board of Parole that it is considering the release of parole of federal prisoners sentenced for violations of the territorial laws of Alaska and that it will inform the Alaska Board of Parole of decisions taken with respect to such matters.

    (3) That the Alaska Board of Parole may, whenever it wishes, furnish its views to the United States Board of Parole with respect to release, retaking, and supervision of federal prisoners and federal parolees sentenced for violations of the territorial laws of Alaska, although such views shall be advisory only and in no way binding upon the United States Board of Parole.

5. Apparently the district court has reference to the briefs filed in support of the motions for admission to bail.

6. Accord, Wainwright v. Simpson, 360 F.2d 307 (5th Cir., April 11, 1966); Edge v. Wainwright, 347 F.2d 190, 191–92 (5th Cir. 1965); Pate v. Holman, 341 F.2d 764, 770 (5th Cir. 1965), modified on rehearing, 343 F.2d 546 (5th Cir. 1965). See also Spaulding v. Taylor, 234 F. Supp. 747 (D.Kan.1964).

lant is entitled to insist upon this newly discovered right, notwithstanding that his conviction became final long before its discovery.[7] Appellant's allegations plainly indicate that he was improperly denied this constitutional right. Under these circumstances ordinarily we would not accept the district court's contrary findings where such are entered without a hearing, but rather would remand the case to the district court for a full inquiry into the truthfulness of the allegations. See, e. g., Edge v. Wainwright, 347 F.2d 190 (5th Cir. 1965); Pate v. Holman, 341 F.2d 764 (5th Cir. 1965), modified on rehearing, 343 F.2d 546 (5th Cir. 1965). Cf. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

■ But special circumstances surrounding this case dictate a different result. We have proceeded on the theory that appellant's attack was correctly brought as a petition for habeas corpus on behalf of a state convict.[8] And an application for writ of habeas corpus in federal court "shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." 28 U.S.C. Section 2254. Appellant does not suggest that there is not available an effective Alaska corrective process. On the contrary, it seems that Alaska state courts are now willing and able to afford relief to persons in appellant's position.[9] Since there is now available to appellant an effective post-conviction remedy in the Alaska state courts, those courts should have the first say as to whether appellant was unconstitutionally deprived of his right to appellate counsel. See Cade v. Balkcom, 361 F.2d 212 (5th Cir., April 17, 1966); Pate v. Holman, 343 F.2d 546, 547–548 (5th Cir. 1965); Whippler v. Balkcom, 342 F.2d 388, 390 (5th Cir. 1965). Cf. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

We hasten to add that the record before us is totally devoid of any reference to available, effective Alaska state court remedies. As stated, however, we are convinced such do now exist. If in fact none are available, or if appellant Hutson has sought such relief to no avail, then the case would be ripe for hearing in the court below. Again we emphasize that Hutson's allegations are sufficient to raise a constitutional question regarding the absence of appellate counsel throughout his original appeal to the Ninth Circuit. And upon proper timely presentment in the federal courts, that question can be answered only after a full hearing.

The judgment of the district court is affirmed.

7. This constitutional right is given retroactive application: Smith v. Crouse, 378 U.S. 584, 84 S.Ct. 1929, 12 L.Ed.2d 1039 (1964) (per curiam); Pate v. Holman, supra note 6, 341 F.2d at 776; Spaulding v. Taylor, supra note 6, 234 F.Supp. at 749. Cf. Davis v. Holman, 354 F.2d 773, 775 (5th Cir. 1965), cert. denied 86 S.Ct. 1343 (April 19, 1966).

8. We accept as correct the analysis put forth in Spaulding v. Taylor, 234 F.Supp. 747 (D.Kan.1964). A remarkably similar case, Spaulding involved a habeas petition brought by an Alaska territorial offender serving his sentence at the federal penitentiary in Leavenworth, Kansas; the petition attacked the refusal of appointive counsel on Spaulding's original appeal from his territorial conviction. The district court upheld the attack by way of habeas corpus, finding that a Section 2255 (28 U.S.C. Section 2255) remedy was inappropriate because "the original sentencing court [territorial court] is no longer in existence, and * * * both the present federal court in Alaska and the state courts therein have denied jurisdiction to hear the matter." 234 F.Supp. 748.

9. The court in Spaulding observed that Alaska state courts had informally advised that they would thereafter entertain post-conviction petitions from Alaska territorial offenders in federal custody. 234 F.Supp. at 748. While recognizing that ordinarily this would prevent habeas relief in the federal courts, nevertheless the court refused to order Spaulding to pursue his state court remedies since he had already done so and been denied.