**Hyman MARTIN, Petitioner,**

**v.**

**E. Wilson PURDY, as Sheriff of Dade County, Florida, and Allan Michell, Sheriff of Broward County, Florida, Respondents.**

**No. 67–48–Civ.**

United States District Court
S. D. Florida.
Feb. 10, 1967.

Harold Ungerleider, Miami Beach, Fla., for petitioner.

Earl Faircloth, Atty. Gen. of Florida, Miami, Fla., for defendant E. Wilson Purdy.

Robert P. Kundinger, Ft. Lauderdale, Fla., for defendant Allan Michell.

## ORDER

FULTON, Chief Judge.

This cause was heard upon the Petition of Hyman Martin for Writ of Habeas Corpus. The Court has carefully considered the Petition and addenda thereto, and the responses of the Sheriffs of Dade and Broward Counties to this Court's Order to Show Cause, and heard oral argument thereon.

Petitioner was subpoenaed in November, 1966 by the foreman of the grand jury empanelled by the Circuit Court of the Eleventh Judicial Circuit, in and for Dade County, Florida. His motion to quash that subpoena on the grounds that the Dade grand jury was unconstitutionally constituted was denied by the Dade County Circuit Court. When MARTIN appeared before the Dade grand jury under that subpoena, he was informed that inquiry was being made into gambling and bribery in Dade County, and that in exchange for his testimony, he would be given immunity from prosecution under Florida's immunity statute, § 932.29, Florida Statutes, F.S.A. Nevertheless, he refused to answer the questions propounded to him, claiming that the immunity statute was invalid and that he was fearful of federal prosecution which might flow from his testimony.

The Dade County Circuit Court issued a Rule to Show Cause upon his refusal to testify. Petitioner moved to quash that rule, again contending that the Dade grand jury was unconstitutionally constituted. After the hearing on the Rule, the Dade County Circuit Court found that Martin had no standing to challenge the composition of the grand jury and adjudged him to be in civil contempt. The Court committed him to the Dade County Jail until May 8, 1967, the day before the Dade grand jury's fall term expires, or sooner upon purging himself of contempt by notifying the Court that he is ready to testify before the grand jury. By the Court's order, Martin is to have use of a telephone at any time to notify the Circuit Judge that he wishes to purge himself of contempt.

In December, Petitioner appealed the Dade County Circuit Court contempt order to the Third District Court of Appeal. That Court denied his application for a constitutional stay writ and then affirmed the contempt order in a per curiam opinion. The District Court held that Martin was not and could not be "a person who has been held to answer" to the grand jury within the meaning

of § 905.02, Florida Statutes, F.S.A., and thus could not challenge that grand jury. The Court also rejected his contention that he could not be held in contempt because the State immunity did not protect him from federal charges, on the basis of the United States Supreme Court's holding in Murphy v. Waterfront Commission of New York Harbor, 378 U.S. 52, 84 S.Ct. 1594, 12 L.Ed.2d 678 (1964).

MARTIN petitioned the Third District Court for rehearing, relying on Clein v. State, 52 So.2d 117 (Fla.1950). He urged that in the *Clein* opinion, the Florida Supreme Court had established a rule of law concerning MARTIN's standing to challenge the composition of the grand jury which directly conflicts with the rule pronounced by the Third District Court of Appeal. On February 1, 1967, the Third District Court denied rehearing, distinguishing the *Clein* case from the *Martin* case before it. Under Rules 4.5(c) (1) and 4.5(c) (6), Florida Appellate Rules, 1962 Revision, 31 F.S.A., Petitioner has sixty (60) days from February 1st to appeal that decision.

■ It appears that Petitioner can invoke the jurisdiction of the Florida Supreme Court, either because he alleges violation of a fundamental constitutional right or because, as he himself argued in his petition for rehearing, there is apparently a direct conflict between the decision of the Florida Supreme Court and the decision of the Third District Court of Appeal. Rule 2.1(a) (5) (b), Florida Appellate Rules, 1962 Revision. While this Court recognizes that exhaustion of state remedies is not necessarily a prerequisite to the jurisdiction of this Court, nonetheless it is still an established rule of comity. Whippler v. Balkcom, 342 F.2d 388 (5th Cir. 1965).

"[A]n application for writ of habeas corpus in federal court 'shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such processes ineffective to protect the rights of the prisoner.' 28 U.S.C. § 2254." Hutson v. Ziegler, 362 F.2d 200 (5th Cir. 1966)

See also Whippler v. Balkcom, supra; Cade v. Balkcom, 361 F.2d 212 (5th Cir. 1966).

■ The Supreme Court of Florida may expedite a cause for final hearing, just as the Third District Court of Appeals did in the *Martin* case. Rule 3.12, Florida Appellate Rules, 1962 Revision; State ex rel. Freeman v. Kelly, 86 So.2d 166 (Fla.1956); cf. Atlas Travel Service v. Morelly, 97 So.2d 496 (Fla.App.1957).

■ Using the Fifth Circuit's language in the *Ziegler* case, since there is now available to Martin an effective post-conviction remedy in the Florida state courts, those courts should have the first say as to whether Martin was unconstitutionally deprived of his right to challenge the grand jury. Therefore, the petition concerning the Dade County civil contempt order should be dismissed.

After the Dade County contempt order had been entered, Petitioner was found guilty of criminal contempt by the Broward County Circuit Court, arising from his refusal to testify on the subject of gambling before the Broward grand jury. The Broward Circuit Court sentenced him to six months in the Broward County Jail; however Martin is to receive credit for time served in the Dade County Jail under the Dade civil contempt order.

■ Since Petitioner is presently incarcerated in the Dade County Jail under the Dade civil contempt order, it is not proper at this time to consider any of his contentions with respect to the Broward County criminal contempt order. Even if it should be deemed that the Broward sentence is concurrent with the Dade sentence, instead of consecutive, his petition with respect to the Broward contempt would not entitle him to immediate relief if the Broward sentence were held to be illegal, and therefore it is premature. McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238

(1934); King v. State of California, 356 F.2d 950 (9th Cir. 1966); Wood v. Crouse, 327 F.2d 81 (10th Cir. 1964); Turner v. State of Maryland, 303 F.2d 507 (4th Cir. 1962). Thereupon, it is,

Ordered and adjudged that the Petition for Writ of Habeas Corpus be and the same is hereby denied.